By the Court, Morgan, J.
The only question to be determined is, whether the contract for the sale and deEvery of the clover seed by the defendant to the plaintiffs, is obEgatory upon the defendant by reason of what took place between them at the time of the agreement. The price of the clover seed was agreed upon at $8.50 per bushel, and the value exceeded $50. The contract was verbal; but it is claimed that the plaintiff, at the *267 time, paid some part of the purchase money by the sale and delivery to the defendant of a barrel of sugar.
The evidence authorized the jury to find that the defendant agreed to take a barrel of sugar as part payment; and he was to take the sugar away when he delivered the clover seed the next day; that the barrel of sugar was filled up in his presence, and headed up, with directions that it be put aside for the defendant and his name marked upon it; and the price per pound was agreed upon. The defendant did not leave until the barrel was actually filled and headed up. The weight was not, however, ascertained until after the defendant left the store, or the aggregate sum which the sugar would come to, at the price per pound so agreed upon. The jury were charged, in effect, that they might “find upon the evidence that. the price and quantity in bulk was agreed upon and acquiesced in” by Ingles.
There being no evidence that the quantity had been ascertained, or the total sum which the barrel of sugar would come to, at the price per pound agreed upon, before Ingles left the store, it cannot be assumed that he ever acquiesced in it or accepted the delivery of the barrel of sugar after it was ready for delivery.
Ho actual delivery was necessary to pass the title, if the weight had been ascertained and agreed to before the defendant went away. (Chit. on Cont. 333, n. 2.)
But when anything remains to be done before the sale can be considered as complete, no title passes to the vendee until delivery and acceptance. A few simple propositions taken from approved text books, will be all that is necessary to show that what was done in this case would not operate to transfer the title.
If the sugar had not been separated from the mass and identified before the alleged agreement, the title did not pass by the agreement. (Add. on Cont. 221.) Here there is very slight evidence that the sugar had been identified and put into the barrel, when the parties *268 separated. But this is not sufficient to pass the title ; for although the subject matter of the sale may be ascertained and identified, and selected and approved by the purchaser, yet as long as anything remains to be done between the purchaser and vendor for the purpose of ascertaining the price of the article, the right of property and the risk of loss are not altered. (Id. 223.) Thus, if I sell you my corn for twelve pence a bushel you may not take it before it is measured whereby the number of bushels may be known and also the certainty of the sum which is to be paid for it; so that before that certainty is known it cannot be adjudged any good contract or agreement. (Id.)
A distinction is to be observed between a sale by measure or weight requiring the measurement or weighing to be accomplished for the purpose of determining and fixing the price, and a sale of specific goods in the lump at an ascertained price, accompanied with a representation or warranty of the weight or quantity. In the former case, the title does not pass, while in the latter case it does pass; for the mention of the quantity has no further effect than to oblige the vendor to make it good. And when the quantity is ascertained, the mere omission to add up the total contents according to weight or measure, will not prevent the right of property, and the risk, from passing to the purchaser. (Id. 225.) It would be useless to spend time to cite cases in support of the foregoing propositions, as they are elementary.
It may be that authorities can be found which hold that the parties may agree that the title shall vest and the property remain at the risk of the vendee before the quantity or price is ascertained. There was no such agreement in the case at bar ; but if there had been, I should be of opinion that the contract itself, until acceptance after the weight was ascertained, ought not be considered as part payment of the purchase price of the clover seed contracted to the plaintiff.
*269 [Onondaga General Term,
June 29, 1869,
Bacon, Foster, Mullin and Morgan, Justices.]
To constitute a payment as earnest, or a part payment, within tlie meaning of the statute of frauds, there must be an actual transfer or delivery of the thing or the money agreed to be given as earnest or part payment. (Chit, on Cont. 348, 349). The statute requires it to be paid at the time of the contract. How then can a delivery of the thing afterwards, without acceptance, operate to take the principal contract out of the statute of frauds ? - To allow the parties to agree, by parol, upon a mode of payment to be completed afterwards, would let in the very mischief, which the statute intented to avoid.
The judgment should be reversed, and a new trial granted, with costs to abide the event.
Hew trial granted.