Vaughn v. Smith & Co.

VAUGHN V. SMITH & CO. ET AL.

1. **Railroads**: MECHANIC'S LIEN: CHANGE OF VENUE. Where the sub-contractor was entitled to a mechanic's lien for work done in the construction of a railway, it was held, that if the contractors had entered into an agreement by which they became personally liable to pay his claim, such contract was one in relation to the construction of a railway under section 2583, Code; and that the contractors were not entitled to a change of venue to the county of their residence.

2. **Deposition**: CERTIFICATE OF NOTARY. The certificate of a notary public attached to a deposition, showing that the deposition was read over by the witness and was subscribed and sworn to by him, at a time and place mentioned in the certificate, is a literal compliance with the statute and is sufficient.

3. **Contract**: STATUTE OF FRAUDS: PAROL PROOF. A written contract set out in full in the opinion, construed and held not to be a contract to answer for the debt or default of another; that the contract could not be aided or added to by parol evidence; that to supplement such contract by evidence of a parol promise to pay plaintiff's debt would be clearly within the statute of frauds; and that the admission of such parol testimony, and the submission of the contract to the jury for construction, was error.

3. **Practice in the Supreme Court**: ABSTRACTING TESTIMONY. To abstract the testimony of witnesses without abreviation, thereby imposing unnecessary labor upon the court, is a departure from the rules, and no costs will be allowed therefor.

*Appeal from Taylor District Court.*

FRIDAY, JUNE 9.

THE defendants C. H. Smith & Co. were the contractors for the building of the entire line of the Leon. Mt. Ayr & S. W. R. R. McPherson and Neely were sub-contractors under C. H. Smith & Co., and had a contract for the grading of five miles of the road. George B. Vaughn was a sub-contractor under McPherson and Neely for the grading of about one mile of the road. After completing his work under his contract there was a balance due Vaughn remaining unpaid. He commenced an action against the C. B. & Q. R. R. Co.

McPherson and Neely and C. H. Smith & Co., to foreclose a mechanic's lien upon the railroad, and in the same petition he claimed to recover from Smith & Co., upon a written agreement made by them to pay him the claim sued upon. McPherson and Neely were not served with notices of the action and made no appearance therein.. The other defendants appeared and moved to strike out of the petition the cause of action against Smith & Co., based upon the alleged written contract to pay plaintiff's claim. The motion was sustained, whereupon plaintiff elected to strike out the action to enforce his mechanics lien, and to proceed with the personal action against C. H. Smith & Co. The defendants, Smith & Co., then filed a motion and affidavit showing that all of the members of their partnership were non-residents of Ringgold county, and asking that the venue be changed to Henry county, that being the place of their residence. The motion was overruled. Afterwards the plaintiff filed an amendment to his petition, by which he set up another cause of action against C. H. Smith & Co., founded upon an alleged verbal contract made between himself and C. H. Smith & Co., on the 3d day of October, 1879, in which it was agreed by Smith & Co., that if the plaintiff would forbear to file a mechanic's lien on the road, or to commence any proceedings to secure or recover his claim which he was then about to do, that the said Smith & Co. would then pay the plaintiff the sum of $300.00 on his claim, and would pay the balance on or before October 20, 1879. That in pursuance of said agreement the plaintiff did not commence any proceedings nor file any lien until the said 20th day of October, and that the defendants failed to pay the balance due on his claim. The defendants, by their answer and an amendment thereto, denied that they entered into any written contract to pay the claim of the plaintiff, and denied that they made the alleged verbal contract to pay the claim of the plaintiff against McPherson and Neely. The venue of the action was changed to the Taylor District Court upon the application of the defendants, where a trial was had to a jury which resulted in a judgment for the plaintiff, and defendants appeal.

*J. P. Flick*, and *Laughlin & Campbell*, for appellants.

*Askren & Spence*, and *J. S. Brown*, for appellee.

ROTHROCK, J.—I.   Counsel for appellant contend that the court erred in overruling the motion to change the venue of

1. RAIL-
ROADS: me-
chanics lien:
change of
venue.

the action to Henry County.   Section 2583 of the Code is as follows:   "An action may be brought against any corporation, company or person, engaged in the construction of a railway, telegraph line or canal, or any part thereof, or for damages in any manner growing out of the work thereon, in any county where such contract was made or performed in whole or in part, or where the work was done out of which arose the damages claimed."

It is said that as the application for a change of venue was made before the amendment to the petition was filed, by which the plaintiff claimed to recover upon a verbal contract made with him by the defendants, it should have been sustained, because as the case then stood the plaintiff was claiming to recover upon a written contract, made by C. H. Smith & Co. with McPherson and Neely, to which the plaintiff was not a party, and he was entitled to recover if at all, upon the promise therein contained upon the part of Smith & Co. to pay the plaintiff's claim.   In other words it is claimed that the written contract as between the plaintiff and Smith & Co. is a mere contract to pay the debt of another, and the action cannot be said to be brought against a company or person engaged in the construction of a railroad.   But it must be conceded that C. H. Smith & Co. were "engaged in the construction of a railway."   They were in fact the contractors for the construction of the whole line.   The work done by the plaintiff was performed in Ringgold County.   Now while it is true there was originally no personal liability in favor of the plaintiff against C. H. Smith & Co., but such liability was against McPherson & Neely, yet the plaintiff was entitled to a mechanic's lien for his work, which if enforced would compel the defendants to see that it was paid.   They sus-

tained this relation to the plaintiff from the beginning. Now if they entered into a written contract by which they became personally liable to the plaintiff, we cannot see why an action brought upon this contract is not within the statute. It is, in the language of the statute, a contract relating to the construction of a railway and made by a company engaged in the construction of a railway. The object of the statute is apparent. It is to localize all actions of laborers and others making contracts relating to the construction of railways, and to obviate the necessity of seeking redress at the residence of the contractor or place of business of the corporation or company.

We think the action of the court in overruling the motion was correct.

II. The deposition of Henry McPherson was taken by the plaintiff before a notary public of Madison County, Illinois, and read in evidence on the trial. A motion was made by the defendants to suppress the deposition, upon the ground that the notary did not make a certificate stating or showing that the witness swore to the deposition before him or subscribed the same in his presence. We are cited by counsel to sections 3735 and 3737 of the Code. These sections require that the deposition must be subscribed and sworn to in the usual manner, and that the officer's certificate shall state that the deposition "was subscribed and sworn to by the deponent at the time and place therein mentioned." It appears from the caption of this deposition that it was taken at Edwardsville, Madison County, Illinois, before S. C. Keown, a notary public, and that the witness was first duly sworn. It appears by the certificate of the officer that the deposition was "read over by the said witness, was subscribed and sworn to by said deponent therein at Edwardsville in said county, on the 27th day of August, 1881." This was a literal compliance with the statute. It is not required that the certificate shall affirmatively show more than is contained in the one before us.

2. DEPOSITION: certificate of notary.

III. The written contract by which the plaintiff claims he is entitled to recover is in these words:

"This contract made and entered into by and between McPherson & Neely of the first part, and C. H. Smith & Co., of the second part, witnesseth:

"1st. It is agreed as follows: Whereas, C. H. Smith & Co., have agreed to pay certain indebtedness for McPherson & Neely, for labor performed on the Leon, Mt. Ayr & Southwestern Railroad in Ringgold County, Iowa, and whereas the said payments of bills and accounts is for labor performed and supplies furnished on said road by the said C. H. Smith & Co., in advance of the full estimate of the engineers upon said contract of said McPherson & Neely. Now, therefore, the said McPherson & Neely, in consideration of said advances and payments, agree by and with and bind themselves unto the said C. H. Smith & Co., on or before the 1st day of January, A. D. 1880, to pay to the said C. H. Smith & Co., or their assigns, all such sums as they have now paid, or may hereafter pay out on our account or for us, which shall prove to be in excess of what may be due said McPherson & Neely for work done on said railroad, between stations 1705 and 1983, under contract between said McPherson & Neely as sub-contractors under C. H. Smith & Co., which said contract is dated June 29, 1879, and is referred to as part of this contract, said amount to be determined under said contract upon the estimate of engineers as provided therein. Now, the said McPherson & Neely expressly agree, for and in consideration of the foregoing premises, that they will, if the said estimates under said contract do not fully pay said C. H. Smith & Co., for all sums so advanced for McPherson & Neely, to repay to the said Smith & Co., balances in excess of said estimates by and before the date stipulated.

The court permitted the plaintiff to introduce parol evidence over the defendants' objection tending to show that the plaintiff's claim was included in the indebtedness which, it is

recited in the contract, C. H. Smith & Co. had agreed to pay. And the jury were instructed that if they found that the defendants agreed in writing with McPherson & Neely to pay the claim of the plaintiff, they should find for the plaintiff. And the jury were further charged that if they found from the evidence that plaintiff's claim was included in the written contract, they should find for the plaintiff.

We are very clearly of the opinion that it was the province of the court to construe this contract, and that by no proper construction of it could the plaintiff maintain an action upon it. It does not purport to bind the defendants to pay anything to anybody. Whatever there was in that direction seems by the contract to have been some previous arrangement between the parties to it. Its object and purpose seems to be to require McPherson & Neely to repay to C. H. Smith & Co,, any excess over estimates, which they might pay on "certain indebtedness" of McPherson & Neely. It must be remembered that the plaintiff is seeking to recover upon what he claims is a promise in writing to answer for the debt of another. Now he cannot aid or add to the promise by parol evidence. If he could, all the mischief intended to be guarded against by the statute of frauds would be accomplished. But we repeat, this writing is not a promise or undertaking upon the part of C. A. Smith & Co. to pay anything. If the agreement had been to pay McPherson & Neely's sub-contractors a proper construction would be that this meant all sub-contractors, and the plaintiff might be allowed to show by parol that he was a sub-contractor, just as he might be allowed to show that his name was Vaghn if the name Vaghn had been used in the contract. But to allow a promise to be supplemented by parol, where no promise is contained in the writing, is so clearly within the statute of frauds as to demand neither argument nor discussion.

IV. For the errors of the court in admitting parol evidence explanatory of the contract, and for submitting the contract to the jury for construction, the judgment must be re-

Vaughn v. Smith & Co.

versed. It will be understood that this leaves the action to be tried upon the alleged verbal promise to pay the plaintiff's claim. That such a promise is binding, when coupled with such circumstances as will take it out of the statute of frauds, there can be no question.

V. The abstract of appellant, contains eighty-five pages of printed matter. The testimony of the witnesses is set forth by question and answer, without any abreviation that we are able to discover. This departure from the rules has become so frequent that we feel called upon to interfere for our own protection. It can make no possible difference in this court, for instance, whether a railroad contractor who is a witness is forty, or fifty, years old. We will presume him to be of lawful age, and to compel us to read the numberless repetitions of the same facts, made by witnesses on the trial, is more than ought to be required in view of the legitimate labor required of us and the effort we are making to keep the business of the court from falling behind.

4. PRACTICE: abstracting testimony.

It is ordered that one-half of the costs of this abstract be taxed to appellants.

REVERSED.