## WATT ET AL. v. THE WISCONSIN CRANBERRY COMPANY.

1. **Contract:** BY TELEGRAMS NOT SELF-INTELLIGIBLE: PAROL TO AID: STATUTE OF FRAUDS: SALE OF PERSONAL PROPERTY. Where a contract for the sale of personal property was claimed to have been made by certain telegrams, but these telegrams were not in themselves intelligible, and parol testimony was necessary to apply them to the subject-matter and to make out a complete contract, and no part of the purchase price had been paid, *held* that the case fell within the statute of frauds, and, in an action to recover for a failure to deliver the property under the alleged contract, the jury was properly instructed to find for the defendant.

### *Appeal from Polk Circuit Court.*

#### THURSDAY, APRIL 10, 1884.

ACTION for damages for the alleged breach of a written contract to sell and deliver to the plaintiffs two hundred barrels of cranberries. The defendant denied making the alleged contract. There was a trial to a jury. The court instructed the jury to render a verdict for the defendant. A verdict was rendered accordingly, and judgment was rendered thereon. The plaintiffs appeal.

*Henry S. Wilcox*, for appellants.

*G. A. Underwood*, for appellee.

ADAMS, J.—The written contract relied upon by the plaintiffs consists of certain telegrams. The court below held that they were insufficient to make a contract, and its instruction to the jury to render a verdict for the defendant was based upon such theory. The telegrams are as follows:

"Madison, Wis., Oct. 15, 1881.

"*To W. R. Taylor:*—This car gone to Watt. Send best terms for another car load to same parties.

"W. B. BARNES."

"Tomah, Wis., Oct. 18th, 1881.

" *To W. B. Barnes:*—Will deliver at seven fifty. First rate, better than before. Answer here at once.

" W. R. TAYLOR."

" Oct. 19, 1881.

" *To W. R. Taylor:*—Ship one car of best to Watt & Co. at your price.

" W. B. BARNES."

The plaintiffs introduced evidence tending to show that Taylor was the president of the defendant company; that Barnes was a friend to Taylor, and was requested by him to solicit from the plaintiffs orders for cranberries; that he solicited and obtained from them an order for a car load, which order the defendant filled; that afterwards he solicited and obtained from them another order, (being for the cranberries in question,) which was not filled; that Barnes undertook to communicate the order to Taylor by telegraph, and sent a telegram to the proper office in Wisconsin, directed to Taylor, being the one above set out under date of October 19. This telegram, it is shown, was not delivered to Taylor. It is also shown that Taylor's telegram to Barnes, under date of October 18, was never delivered to the plaintiffs, but was merely shown to them by Barnes.

No part of the purchase price was paid, and no recovery can be had unless the alleged contract, as constituted by the telegrams, is sufficient to take the case out of the statute of frauds. The question presented is as to whether it is sufficient for that purpose.

It will be seen at once that this alleged contract, unless aided by extrinsic evidence, is unintelligible. No one could discover from reading it even what the subject matter of it is. It is applicable to any kind of personal property that might be shipped by the car load. Again, while it might be inferred that the price mentioned as " seven fifty" was intended as seven dollars and fifty cents, no one could discover that the price mentioned is, as claimed, seven dollars and fifty

cents per barrel. Looking alone at the words used, they would seem to mean seven dollars and fifty cents per car load. The name Watt does not of itself mean Watt, Cochran & Sperry. In Greenleaf on Ev., section 268, the author, speaking of the evidence requisite to take a case out of the statute of frauds, says: "It must all be collected from the writings; verbal testimony not being admissible to supply any defects or omissions in the written evidence. For the policy of the law is to prevent fraud and perjury by taking all the enumerated transactions entirely out of the reach of any verbal testimony whatever." Citing *Boydell v. Drummond*, 11 East, 142; *Parkhurst v. Van Cortlandt*, 1 Johns. Ch., 280, and many other cases. We think that the jury was properly instructed to render a verdict for the defendant. Having reached this conclusion upon the grounds above stated, it is unnecessary to consider other questions presented.

AFFIRMED.