The American Oak Leather Company v. Porter Brothers & Hackworth, Appellants.

94 117<br>113 10<br>94 117<br>120 180<br>94 117<br>f134 628

**Statute of Frauds.** A dated list of personal property showing merely the price of each item, signed by the seller only, and entered into the buyer's order book, and a letter by the seller to the buyer giving the terms upon which the goods will be shipped is not sufficient to take a contract out of the statute of frauds, the goods not having been delivered and no part of the purchase price having been paid.

*Appeal from Wapello District Court.*—Hon. W. D. Tisdale, Judge.

Wednesday, April 3, 1895.

Action at law to recover the amount due on an account. The action was commenced in justice's court. A demurrer to the answer, which contained a counter-claim, was sustained, and judgment was rendered against the defendant as prayed. The proceedings were reviewed in the district court by writ of error and approved. The defendants appeal.—*Affirmed.*

*W. A. Work* and *Geo. F. Heindell* for appellants.

*McElroy & Roberts* for appellee.

Robinson, J.—The questions we are required to determine are presented by a certificate of the trial judge. The certificate states that in January, 1893, the plaintiff orally agreed with the defendants to ship to them eighty rolls of leather, of which eight were to be sent each week until all were delivered. The only written evidence of the agreement which is essential to a determination of the questions

certified is contained in two instruments, copies of which are as follows:

"American Oak Leather Co.:                    · 1-16 93.

| | | | | | |
|---|---|---|---|---|---|
| 5 rolls No. 1, | Hd. stuff, | 130 lbs | ......... | 23 |
| 5 " | " | " | 135 " | ......... | 23 |
| 10 " | " | " | 140 " | ......... | 23 |
| 5 " | · B | " | 130 " | ......... | 21 |
| 5 " | " · | " | 135 " | ......... | 21 |
| 5 . " | " | " | 140 " | ......... | 21 |
| 5 " | No. 1, | " | 110 " | ......... | 22 |
| 5 " | " | " | 120 " | ......... | 22 |
| 5 " | " | " | 120 " | ......... | 22 |
| 5 " | B | " | 110 " | ......... | 20 |
| 5 " | " | " | 120 " | ......... | 20 |
| 10 " | " | " | 125 " | ......... | 20 |
| 10 " | B Machine, | 90-100 " | ......... | 18 |

"90 days Feb. 1st, 8 rolls per week, extra 30 or 40 days added at interest 6 per cent.   M. B. Lake."

"St. Louis, Jan. 20, 1893.   Porter Bros. & Hackworth, Ottumwa, Iowa—Gentlemen:  We are in receipt of your order given to our Mr. Lake, and, after figuring the matter over carefully, we have concluded that the only way we can fill the orders is as follows: We will ship you the entire eighty rolls now, and make you any reasonable terms that we can agree on, giving you ninety days net, charging you interest at the rate of six per cent. per annum on time after ninety days, provided you will give us your note, so we can use it in bank.   But we cannot agree to hold the leather for a number of weeks, shipping such quantity per week, for the simple reason that we are no longer tanning harness leather, and are closing out this stock as fast as we possibly can.   As far as the ten rolls of 18c leather are concerned, we fear you would not like it.   It is country tannage, and not calculated to give very good satisfaction.  Though if you wish us to send it, we will

be very glad to do so, as the party is anxious to have us move it. If this proposition is satisfactory to you, please let us hear from you by return mail to that effect. Of course, you understand our position in the matter, and we trust you will see your way clear to handle the entire eighty rolls in one shipment, or at the most in two shipments. Please let us hear from you on the subject by return mail. Yours, very truly, American Oak Leather Company.

"Dictated by J. A. Gardner, Agent."

It is alleged in the petition that the memorandum is "dated January 16, 1893, written and signed in defendant's order book, on page 26 thereof, by M. B. Lake, duly authorized agent of plaintiff," and that the letter is "signed by J. A. Gardner, the lawfully authorized agent of said plaintiff."

Several questions are certified, but they are really comprehended in two: (One) Are the writings sufficient written evidence to take the case out of the statute of frauds? (Two) Is parol evidence competent to prove that the writings refer to the oral contract of sale pleaded? Section 3663 of the Code is as follows: "Except when otherwise specially provided, no evidence of the contracts enumerated in the next succeeding section is competent unless it be in writing and signed by the party charged or by his lawfully authorized agent." Among the contracts enumerated in the next succeeding section are "those in relation to the sale of personal property, when no part of the property is delivered and no part of the price is paid." None of the personal property in controversy in this action was delivered, and no part of the price has been paid. It is the general rule that two or more papers which have been executed as parts of one transaction

may be read and construed together, in order to ascertain the scope and effect of the transaction, and ascertain whether it is within the statute of frauds. *Lee v. Mahoney*, 9 Iowa, 348; *Myers v. Munson*, 65 Iowa, 425; *Manufacturing Co. v. Goddard*, 14 How. 456; *Beckwith v. Talbot*, 95 U. S. 289; *Olson v. Sharpless* (Minn.) 55 N. W. Rep. 126. It is also the general rule that the evidence necessary to take a contract out of the statute of frauds must all be furnished by the writings, parol evidence not being admissible to supply evidence not found in them. 1 Greenleaf Ev. section 268; *Watt v. Cranberry Co.*, 63 Iowa, 730; *Vaughn v. Smith*, 58 Iowa, 558; 3 Phillips Ev. 351; 8 Am. & Eng. Enc. Law, 722. A memorandum of sale in some respects similar to the first of the two papers we have copied was considered in *Manufacturing Co. v. Goddard, supra,* and held sufficient, with parol evidence, to take the case out of the statute. The doctrine of that case was questioned in *Grafton v. Cummings,* 99 U. S. 100, and does not appear to be supported by the weight of authority. However that may be, it is not controlling in this state. Our statute provides that no evidence of contracts such as that alleged in this case is competent unless it be in writing, and signed by the party charged, or by his lawfully authorized agent. The first writing we have set out as it is written in the order book of the defendants. It is true that parol evidence is admissible to show the meaning of technical terms and trade symbols used in the instrument, which were sanctioned by usage in the business in which they were used, and which must have been understood by the parties in interest. But, if such evidence be admitted, and the facts shown to be as claimed by the plaintiff, and if it be conceded that the instrument was signed by the agent of the plaintiff, still a contract would not be shown. Even with the aids mentioned the writing would fail to show who was the

buyer, who the seller, or that an agreement to sell any-
thing had been made.   The instrument is in form
neither a contract nor an order.   If it was the latter, an
acceptance by the plaintiff was required to make a con-
tract.   *Machine Co. v. Richardson*, 89 Iowa, 525.   If the
letter we have set out refers to the first instrument, it
is treated as an order, and there is no evidence in writ-
ing that the instrument was ever more than an unac-
cepted offer to purchase.   We conclude that the case is
within the statute of frauds.   The questions as we have
stated them must be answered in the negative.   See
*Watt v. Cranberry Co., supra.*   The judgment of the
district court is *affirmed.*