GEO. W. ALLAN, Appellant, v. A. F. BEMIS, Appellee.

**Sale of Land:** STATUTE OF FRAUDS: CHANGE OF POSSESSION. EVI-
1    DENCE. Where a tenant in possession under a lease claims to have made an oral contract of purchase, mere proof of the making of improvements by the tenant, unaided by other competent evidence, will not establish a change of possession

as lessee to that of a vendee so as to take the case out of the statute of frauds and place it within the exception provided by Code, section 4626.

**Nature of Possession:** PAYMENT OF RENT. Payment of rent by a
2    tenant after the alleged oral contract of purchase was made, negatives the idea that his possession was that of a vendee.

**Written Admission of Contract:** STATUTE OF FRAUDS. A receipt
3    for rent notes, providing that if the tenant shall pay the landlord $4, 000 "on the purchase price of farm, and deliver a mortgage for the whole amount" the lease and notes shall be returned, is insufficient as a written admission of an oral contract of purchase to take it out of the statute of frauds, and the court cannot look beyond the writing itself to ascertain the terms of the contract.

*Appeal from Polk District Court.*—HON. S. F. PROUTY, Judge.

SATURDAY, APRIL 11, 1903.

DEFENDANT is the owner of a farm situated in Polk county, consisting of two hundred and twenty acres. It is admitted that on March 1, 1899, plaintiff entered into the possession and occupancy of said farm as a tenant under a written contract of lease with defendant, the term beginning on said day, and to end on March 1, 1900. Plaintiff alleges that in August, 1899, an oral agreement was entered into between himself and defendant, whereby he agreed to purchase and defendant agreed to sell said farm at the agreed price of $56 per acre, and plaintiff says that defendant forthwith delivered possession of said farm to him, and that he then entered into possession, and made valuable improvements under and by virtue of such agreement. The petition contains no allegation to the effect that a time was then fixed or agreed upon at which the contract was to be otherwise carried out. It is also alleged in the petition that in furtherance of said oral contract, and on February 5, 1900, plaintiff met defendant at the office of A. M. Miller, Esq., the attorney of defendant,

at his office in the city of Des Moines, and that it was
then agreed "that plaintiff lease the land * * * for the
year 1900 at $660; that the agreement hereinbefore described
of defendant to sell said land to plaintiff * * * should
stand, and that $4,000 of the purchase price should be paid
* * * March 1, 1900, and the balance * * * to be
secured by mortgage, payable at any time, and in the sum
of not less that $500 per annum, with six per cent. inter-
est; that it was further agreed that plaintiff forthwith
sign a written lease for the year 1900, and two rent notes
of $330 each, payable to defendant, which should be left
in escrow with said A. M. Miller, and should be canceled
and surrendered to plaintiff in case he pay the $4,000, and
execute the mortgage on or before March 1, 1900, otherwise
to be delivered by Miller to defendant." Plaintiff says
that thereupon he signed a lease and two rent notes, and
deposited the same with said Miller in escrow, taking his
receipt therefor, in words and figures as follows: "Des
Moines, Iowa, Feb. 5th, 1900. Received of G. W. Allen,
lease and two notes of $330 for rent of A. F. Bemis farm
of two hundred and twenty acres for 1900, and if said G.
W. Allen pays A. F. Bemis $4,000.00 on the purchase price
of his farm, at $56 per acre, and the balance due him, and
delivers to A. F. Bemis a mortgage for the whole amount
due said A. F. Bemis, including the purchase price of said
real estate, said mortgage to be optional and bear six per
cent., payment to be not less than $500.00 per year, inter-
est, then said lease and notes are to be returned to G. W.
Allen, and if said payment is not made by March 1st, 1900,
then said lease and notes are to be delivered to A. F.
Bemis. [Signed] A. M. Miller." It is said that this re-
ceipt was written and signed by said Miller by direction
and under the dictation of defendant, and acting as the
agent and attorney of defendant. Plaintiff further says
that on March 1, 1900, he notified defendant that he was
ready to complete his purchase of the land, and that de-

fendant refused to carry out said agreement; that March 6, 1900, he again offered to perform, and demanded performance of defendant, which was refused, but that on said day defendant adopted and ratified the said written receipt and agreement by writing thereon as follows: "I extend the time to March 12, Tuesday. [Signed] A. F. Bemis." It is then alleged that on March 12, 1900, plaintiff offered and tendered to defendant the total purchase price of said real estate, and demanded a conveyance thereof, all of which was refused. Matters of damages are alleged, and judgment demanded. The answer admits the fact of the execution of the written receipt, the indorsement thereon in the words alleged, and denies all other allegations in the petition. At the close of the evidence for plaintiff the court, on motion, directed a verdict in favor of defendant, and entered judgment against plaintiff for costs. Plaintiff appeals.—*Affirmed.*

*Carr & Parker* and *W. C. Marquis* for appellant.

*Cummins, Hewitt & Wright* and *L. Kinkead* for appellee.

BISHOP, C. J.—On the trial plaintiff was permitted to testify that in August, 1899, a conversation was had between himself and defendant relative to a purchase and sale of the farm in question. He says that the conversation arose by his calling attention to some repairs and improvements which he says defendant had promised to make, and for which he was asking, whereupon defendant suggested that he (plaintiff) might buy the farm, and make his own improvements. Continuing, plaintiff says he then offered to buy the farm at $56 per acre, and was told by defendant that he could have it at that price. Being asked how much money he wanted down, defendant replied, "You can pay me three or four thousand dollars the first of March, and the farm is yours." Plaintiff says

that he suggested "that it would be better to have a contract on this," to which defendant made reply, "You go out and fulfill your part of it, and I will mine." Plaintiff testifies that he then said, "I will take possession now, and go to work and make the improvements, and when the first of March comes, if I fulfill my part of it, you will yours?" That to this defendant said, "Yes, I honor my word, and when I tell you I will do anything it is just as good as it is in a contract." The foregoing is all the direct evidence offered or introduced by plaintiff to establish the contract of purchase and sale alleged by him, and upon which he grounds his action. All such evidence was objected to by defendant at the time it was offered as incompetent, and in contravention of the statute of frauds, and the same was received subject to the objections. Plaintiff also offered evidence to the effect that following the conversation above related, and during the fall of the same year, he made improvements on the farm in the way of putting in a portion of cellar wall, tiling to drain the cellar, etc. This evidence was also objected to at the time offered as incompetent, and for the reason that plaintiff relies upon an oral contract for the sale and conveyance of lands, and that parol evidence is not admissible under the circumstances to prove a change of holding from lessee to purchaser. The evidence was admitted subject to final ruling, which was reserved.

It is admitted by plaintiff that after taking possession under the lease of March 1, 1899, he thereafter continuously resided upon said farm; that for the rent under said lease he executed to defendant two notes, each for $330; that one of such notes was paid by him in October, 1899, and the other on February 21, 1900, both payments being made to the defendant. By the ruling on the motion to direct a verdict the trial court held, in effect, that the evidence introduced was incompetent, and therefore insufficient for the purpose offered, and that the objections made

thereto should have been sustained. The correctness of the position thus assumed is the first question presented for our consideration.

By section 4625 of the Code—commonly designated as the "Statute of Frauds"—it is declared in substance, that, except when otherwise specially provided, no evidence of any contract providing for the creation or transfer of any interest in lands, except leases for a term not exceeding one year, is competent unless such contract be in writing and signed by the party charged or by his authorized agent. Exceptions to the foregoing rule are furnished by section 4626, following, wherein it is further declared that the provisons of section 4625 do not apply where the purchase money, or any portion thereof, has been received by the vendor, or where the vendee with the actual or implied consent of the vendor has taken and held possession of the land in question under and by virtue of the contract. Counsel for appellant concede that the contract here alleged and sought to be established is clearly within the bar of the statute unless saved by virtue of the exception found in section 4626. It is their contention that the record shows a change of possession from appellee to appellant, with the consent of the former, following the making of the alleged ·contract, and under and by virtue thereof; that, accordingly, parol evidence of such contract was properly admitted. The question of the competency of the evidence was for the court, of course, and, before the admission thereof could be justified, the plaintiff must have produced other evidence tending to prove a change of possession, so far, at least, as to entitle him to have such question of possession submitted to the jury for a verdict. Now, we have a case where a tenant is in possession, and it is clear that before plaintiff can be entitled to recover he must establish that with the making of the alleged contract his

*1. STATUTE of frauds: change of possession: evidence.*

possession as tenant ceased, and that his possession there-after held was as a purchaser under and by virtue of such contract. *Mahana v. Blunt*, 20 Iowa, 142. In that case it is said: "The possession of the premises by the plaintiff is abundantly proven in this case, and if such possession was distinctly referable to the title under the verbal contract, there would be no difficulty in the case. But this plaintiff was a tenant of the defendant at the time of the alleged verbal contract for purchase, and it has been repeatedly held, and is now a well settled doctrine, that the continuance in possession by a tenant cannot be deemed a part performance, or to be such possession as to take the case out of the statute. The possession must unequivocally refer to and result from the agreement." See, also, *Wilmer v. Farris*, 40 Iowa, 309; *Benedict v. Bird*, 103 Iowa, 612.

Counsel for appellant do not deny the controlling force of the cases above cited, but they point out that in the case at bar valuable improvements were made by appellant in faith of the contract and they urge that proof of such fact is sufficient to take the case to the jury upon the question of a change of possession. To this we cannot yield our assent. To say that a tenant, while in possession as such, may make improvements, and then predicate thereon alone a claim of change of possession sufficient in character to avoid the statute and permit the introduction of oral evidence of a contract of sale, would be violative of every purpose which underlies the statute. Such a rule, if sanctioned, would put it into the hands of any party in possession of real estate under whatsoever arrangement, by making some character of improvement, to base thereon a claim of change of possession sufficient to take the case out of the statute. To permit a party in possession solely by his own act to create a condition which, aided by his own testimony, would be sufficient to bring his case within the exception provided by section 4626, would be at once

subversive of both the letter and the spirit of the statute.
As was said in *Mahana v. Blunt, supra,* "the wisdom of
the statute has been verified by the experience of the ages,
and is too well grounded and settled to either justify or
allow us to nfringe upon its letter or spirit, even in a case
of apparent hardship or faithlessness." As we read them,
no one of the authorities cited and relied upon by counsel
for appellant is out of harmony with the doctrine thus
stated.   That a tenant may contract to purchase, while in
possession as such, may be readily conceded, and that he
may point out improvements made by him as evidence
tending to prove that possession is held as purchaser; and
not as tenant, is not to be doubted.    Especially is this
true where the improvements made are such in character
and extent as to be inconsistent with a continued posses-
sion as tenant.    What we hold—and it is the rule of all
the cases to which our attention has been called—is that
mere proof of the making of improvements by a tenant,
unaided by competent evidence of any other facts, cannot
be accepted as sufficient to establish a change of possession,
and thus bring a case within the exception provided in the
statute.    Were the rule otherwise, however, we think the
holding of the court below in the respect under considera-
tion was demanded by the state of the record before it.

Not only does it appear that plaintiff was a tenant at
the time the oral contract is alleged to have been made,
but we think it must be said that he continued to be a
tenant throughout the term of the written
2. NATURE of
possession:
payment of lease.  The admitted fact that in October
rent. and February following, he paid the rent re-
served in the lease, and strictly in accordance with the
terms thereof, gives character of itself to his possession,
and negatives the idea that such possession was under the
alleged contract, and not as a tenant under the lease.

II.   Plaintiff offered in evidence the writing, a copy
of which appears in his petition and is hereinbefore set

out. This was objected to, and the objection sustained.

3. WRITTEN admission of contract: statute of frauds. The grounds of the objection were that by the terms of the writing no obligation on the part of defendant is created, and that the same does not, by its terms, constitute an agreement or memorandum of an agreement by defendant for the transfer of an interest in lands, as required by the statute. It is not claimed by counsel for appellant that such writing of itself constitutes the contract for the breach of which this action is brought. It is their contention that the same is a written admission of the oral contract previously made as alleged, and that it is sufficient in character to establish the making of such oral contract. Passing the collateral questions argued at some length in respect of the character of the agency of Miller and the lack of definite description of the property, we readily reach the conclusion that no effect can be given the writing such as appellant contends for. It contains no reference to any prior agreement, and by its terms is confined to matters then presently under consideration. Given the most liberal interpretation possible and it is simply a receipt for the lease and rent notes, with the provision added that if a purchase of the farm shall be made by Allen by March 1, 1900, at a price named, the lease and notes are to be redelivered to him. Thereby Bemis does not agree to sell, nor does Allen agree to purchase. That parties may by writing make admission of a prior oral contract or agreement to sell lands is not to be doubted. And an oral contract thus established may be enforced as of the time made as fully as the subsequent writing makes disclosure thereof. It is well settled, however, that in all such cases the court cannot look beyond the writing to ascertain the terms, conditions, or provisions of the contract. *Vaughn v. Smith*, 58 Iowa, 553; *Watt v. Wis. Cranberry Co.*, 63 Iowa, 730; *Leather Co. v. Porter*, 94 Iowa, 117; *Peoria Co. v. Babcock* (C. C.) 67 Fed. Rep. 892; *Grafton v. Cummings*, 99 U. S. 100 (25 L. Ed. 366);

*Ridgway v. Hills*, 66 Ind. 475. It was the sole province of the court to construe the writing offered in evidence. *Daly v. Kimball Co.*, 67 Iowa, 132; *Clement v. Drybread*, 108 Iowa, 701. Being insufficient in and of itself to establish the making of the oral contract upon which the plaintiff grounds his action, it must be held that the objection thereto was properly sustained. No farther evidence having been offered by plaintiff with reference to the contract alleged, it follows that the verdict in favor of defendant was rightfully directed.—Affirmed.