V. D. PATTERSON, Appellant, v. A. R. BEARD, Appellee.

No. 44826.

402

NOVEMBER 14, 1939.

Thomas J. Bray, and J. G. Shifflett, for appellant.

Milchrist & Marshall, and Wallace W. Huff, for appellee.

RICHARDS, J.—We will first state, in narration form, the matters plead by plaintiff as a cause of action. On March 30, 1937, defendant orally stated and represented to plaintiff that if he, plaintiff, would immediately resign his position as superintendent of schools at Grinnell, Iowa, and would remove to Peoria, Illinois, and there assist defendant in operating a business college that defendant owned, the defendant would sell to plaintiff for $12,000 a forty per cent interest in the college and would pay plaintiff an annual salary of $4,400 which would be in addition to forty per cent of the net profits. Thereupon plaintiff accepted the proposition so made by defendant and orally agreed to resign his school position, move to Peoria, associate himself with defendant in the operation of the college and pay defendant $12,000 for said interest in the college in accord with the terms proposed by defendant. Plaintiff resigned his position, made arrangements to remove to

Peoria, and informed defendant thereof on June 15, 1937. Soon thereafter, in violation of his aforesaid agreement with plaintiff, defendant sold the college to a third party thereby rendering himself incapable of performing his contract with plaintiff. Plaintiff was ready and able to pay the amount agreed in the manner provided in the contract and to perform the provisions of the contract but defendant by reason of his sale of the college was then unable to perform upon his part. At the time of the oral contract the fair and reasonable value of the forty per cent interest in the college was $24,000, and by reason of defendant's failure to perform the contract plaintiff was damaged in the sum of $12,000. For these damages plaintiff demanded judgment. By amendment plaintiff alleged that on April 5, 1937, defendant signed and transmitted to plaintiff by mail a letter pertaining to said oral agreement, and that in the letter defendant used and employed the following language:

"As soon as I can get my work organized and have a little breathing spell, I will give some time to writing our working agreement; but it may be several days before I get to it." This letter is set out as Exhibit A of the amendment to the petition. A demurrer to the petition as amended was overruled. An answer was then filed denying the alleged contract and pleading the statute of frauds. Plaintiff filed a reply. Following these filings but prior to the trial defendant moved that the court dispose of certain points of law, and moved that the court, in so doing, and after giving Exhibit A its proper interpretation, rule as a matter of law that plaintiff had failed to state a cause of action on account of the statute of frauds, section 9933, Code 1935, found in the Sales Law. Upon this motion the court, on July 9, 1938, ruled that before any evidence was submitted the court could not find as a matter of law that Exhibit A did not constitute a note or memorandum in writing of the oral contract or sale and for that reason overruled the motion. The cause came on for trial on the merits. At the close of plaintiff's evidence defendant's motion for a directed verdict was sustained. On the verdict judgment was rendered against plaintiff. Therefrom he has appealed.

During the trial objections were sustained to the introduction of certain evidence offered by plaintiff, i. e., (1) the

letter Exhibit A and other letters that will be described herein-after; (2) oral testimony of plaintiff and witnesses other than defendant tending to show the making of the oral contract sued on; (3) oral testimony which plaintiff claims tended to show a partial performance of the contract on his part; and (4) testimony that plaintiff was ready, able and willing on his part to perform the oral contract. The question is whether these rulings or any of them were erroneous.

■ The objections to introduction of Exhibit A were bot-tomed on section 9933, Code 1935, already mentioned. The portion of this statute that is material reads as follows:

"9933. Statute of frauds.

"1. A contract to sell or a sale of any goods or choses in action shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold and actually receive the same or give some-thing in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

Although admittedly Exhibit A was in writing and was signed by defendant, it was excluded because in the court's opinion it was not a note or memorandum of the contract or sale within the intendment of section 9933 and consequently was inadmissible for the purpose for which it was offered, viz., to remove the oral contract from the realm of this statute of frauds.

Section 9933 was enacted by the Thirty-eighth General Assembly. Earlier statutes, sections 4625 and 4626, Code 1897, provided that under certain stated circumstances no evidence of contracts in relation to the sale of personal property was competent unless it be in writing and signed by the party charged or by his authorized agent. Under these earlier statutes our holdings have been that in order that it exhibit competency the required writing must be such that all of the contract may be collected therefrom, verbal testimony not being admissible to supply any omissions. Watts v. Wisconsin Cranberry Co., 63 Iowa 730, 18 N. W. 898; American Oak Leather Co. v. Por-ter, 94 Iowa 117, 120, 62 N. W. 658, 659. In the latter authority this is stated:

"It is also the general rule that the evidence necessary to take a contract out of the statute of frauds must all be furnished by the writings, parol evidence not being admissible to supply evidence not found in them."

So it may be said that the earlier statutes as construed speak in terms of writings that establish what the contract was if one was made. The language used in the later statute, section 9933, persuades us that that statute likewise carries the implication that the writing must show what was the contract. A "memorandum", in common parlance, is an informal record, often of something one desires to remember or to preserve for future use. The language the legislature used is that there be a memorandum *of the contract*. In lieu of the required memorandum or informal record *of the contract,* (that is, of the particular contract involved in each case where the statute is invoked) a memorandum or informal record that goes no farther than to note the fact that some contract was made cannot, in reason, be substituted as an equivalent. It is essential that the memorandum completely evidence the contract which the parties made. Donald Friedman & Co. v. Newman, 255 N. Y. 340, 174 N. E. 703, 73 A. L. R. 95. It may be that Exhibit A is informative that some contract was in contemplation or perchance had been entered into, but farther than that the letter does not go. It follows that the trial court rightly held that the letter was inadmissible for the purpose of taking the parol contract sued on out of this statute of frauds. With reference to the other letters, offered for like purpose as was Exhibit A, some were signed by plaintiff, others by defendant. But none of the latter bear internal reference to the contents of plaintiff's letters in the way of assent to or concurrence in any statements found in plaintiff's letters concerning the content of the alleged oral contract. For that reason we are unable to agree, that read together, these letters constitute a memorandum of the contract signed by defendant in the manner the evidence was viewed in Morris Furniture Co. v. Braverman, 210 Iowa 946, 230 N. W. 356.

██ We advert to the proffered oral testimony that plaintiff says showed a partial performance of the contract on his part. The substance of this testimony was that immediately after the date of the alleged contract a resignation by plaintiff

of his position as school superintendent at Grinnell was tendered and accepted. Plaintiff's theory is that a part of the oral contract was plaintiff's agreement that he would immediately resign; that a resigning was part of the consideration for the contract; therefore says plaintiff the resigning was a performance of part of the contract; that therefore the evidence of the resigning was admissible to take the case out of the statute. But this theory cannot avail anything unless it leads to the conclusion that section 9933 makes such evidence admissible. This statute of frauds may not be escaped excepting through avenues the statute leaves opened. One of these is available to a party seeking to enforce the oral contract if he shows that the buyer has given something in earnest to bind the contract, or in part payment. The avenue last mentioned is evidently the one plaintiff seeks to travel. But in order that it be open to him, it must appear that the resigning was a giving of something in earnest to bind the contract, or in part payment, and whether it does so appear is purely a question of construction of the terms of a statute, not a matter of equities between parties. With that in mind there is little difficulty in reaching the conclusion that evidence of the resigning is not evidence that plaintiff as buyer gave something in earnest to bind the contract, or in part payment. For it is held generally in the authorities that the "something" given must be money or a thing that possesses value, paid to the seller, though the value may be of no large moment. Hewson v. Peterman Mfg. Co., 76 Wash. 600, 136 P. 1158, 51 L. R. A., N. S., 398, Ann. Cas. 1915D, 346; Leonard v. Roth, 164 Mich. 646, 130 N. W. 208; Walrath v. Ingles, 64 Barb. 265; Reynolds v. Scriber, 41 Or. 407, 69 P. 48. Within this accepted intendment of the statute of frauds nothing actually passed in the instant case to the defendant as seller. In Hewson v. Peterman Mfg. Co., supra [76 Wash. 600, 136 P. 1159, 51 L. R. A., N. S., 398, Ann. Cas. 1915D, 346], one of the questions involved was whether the resignation of the plaintiff constituted such a giving of "something in earnest to bind the bargain or in part payment" as to take the oral contract sued on out of the statute of frauds. The plaintiff brought the action for damages for breach of an alleged oral contract he made with defendant, by the terms of which defendant agreed to sell to plaintiff fifty shares of stock and to employ him at an agreed salary in consideration of plaintiff

resigning the position he then held with another company and paying $5,000 for the stock. Plaintiff claimed that in fulfillment of the contract he resigned his position and tendered to defendant his services and $5,000 both of which defendant rejected. Defendant pleaded the statute of frauds. The holding was that, "there was nothing given in earnest to bind the bargain or in part payment within the meaning of the statute. It follows that the contract for the sale of the corporate stock was void under the statute of frauds." We find no error in the excluding of the evidence of plaintiff's resignation. It should also be said that, in view of there having been no competent evidence to take the case out of the statute of frauds, the court committed no error in excluding the oral testimony tending to show the making of the oral contract and plaintiff's readiness and ability to perform the same.

██ In one assignment of error plaintiff asserts that in view of section 11131, Code 1935, the ruling of July 9, 1938, upon defendant's motion to dispose of points of law, amounted to an adjudication that Exhibit A was a memorandum of the contract sued on within the intendment of section 9933, and was admissible in evidence as such. Therefore, says plaintiff, the question whether Exhibit A was admissible had been wholly removed from the case, and consequently the trial court committed error in again entertaining the question when Exhibit A was offered. We will omit a recital of plaintiff's reasoning that leads him to be of the opinion that this ruling became the law of the case in such manner that it was beyond the power of the court at any time thereafter in the trial of the same action to change or correct it, because it appears to us that to the ruling itself plaintiff cannot fairly impute a finding by the trial court that Exhibit A was a memorandum of the contract. It is proper that the whole pertinent record be read to ascertain what the court decided. Sampson v. Jump, 188 Iowa 528, 176 N. W. 318. Plaintiff notes only that the motion was overruled. But reading farther one sees that the court held that it could not find that Exhibit A was not a memorandum of the contract, (in other words incompetent) before any evidence was submitted. And it is significant that in the entry it made the court in substance stated that the overruling was because the alleged incompetency of Exhibit A could not, at that stage of the case, be determined. Incompetency of Exhibit A

was the ultimate and sole ground on which the motion was predicated. That ground the court refused to consider. The reason for refusal could quite as well have been expressed had the court stated that the question of incompetency was presented prematurely. Then the right to again present the question, at some later time the court deemed proper would not have been abridged. That is the course defendant pursued when he offered objections to the introduction of Exhibit A. The objections having been properly offered at that time the court did not err in entertaining them.

No competent evidence taking the oral contract out of the statute of frauds being found in the record we find no merit in the assignment of error that makes complaint of the directing of the verdict. The judgment is affirmed.—Affirmed.

HAMILTON, MILLER, HALE, BLISS, and MITCHELL, JJ., concur.

OLIVER, C. J., takes no part.