VERONICA WALL, Appellee, v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Appellant.

No. 44821.

120

FEBRUARY 6, 1940.

REHEARING DENIED JUNE 20, 1940.

Dutcher, Ries & Dutcher, for appellant.

Stipp, Perry, Bannister & Starzinger, for appellee.

HALE, J.—On June 20, 1924, Joseph P. Wall signed an application for a $10,000 policy of insurance on his life with the defendant company. This policy issued but was not delivered. On June 20, 1924, this policy came into the hands of the soliciting agent, Thomas J. Boyle, but it was returned to the defendant's home office, and on the same day Wall executed a second application for a $5,000 policy, with accident benefits. This second application was dated June 10, 1924. On July 1 or 2, 1924, the new policy was received by the agent, dated June 14, 1924, and this is the policy in suit.

One of the provisions of the policy was as follows:

"The proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, nor unless also, the policy shall have been delivered to and received by me during my continuance in good health; * * *."

This policy was sent to the Davenport office of the defendant, where it was received June 30, 1924. There was the further provision in the policy that a grace period of 31 days should be granted for the payment of every premium after the first, during which period the insurance should continue in force. The policy was delivered to Wall on or about August 5, 1924, according to plaintiff, but defendant claims it was delivered on or about July 1, 1924.

On August 14, 1925, the insured Joseph P. Wall came to his death by violent, external, and accidental means. Wall did

not pay the second premium on the policy, and the only premium paid was the first premium.

On September 29, 1926, plaintiff—the beneficiary named in the policy—filed a petition in a law action on the policy, to which defendant filed answer, and plaintiff filed a reply. A motion to strike several provisions of the reply was sustained February 4, 1933. An appeal was taken to this court and the ruling of the district court was affirmed in 1934. Wall v. Mutual Life Ins. Co., 217 Iowa 1106, 253 N. W. 46.

In May 1934, plaintiff substituted for the petition formerly filed a petition in equity asking reformation of the policy and judgment for the proceeds. The answer of the defendant to the amended and substituted petition in equity is, first, a general denial, except that the defendant admits its capacity as a life insurance company, the death of Joseph P. Wall, the issuance of the policy, and that it (the defendant) denied liability. Defendant pleads lapse of the policy and that the contract of insurance which was issued was the true contract between the parties; the statute of limitations (but this was stricken on motion); alleges the negligence of the insured in not ascertaining that the contract as written did not express the true agreement between the parties; and pleads a bar to the action for reformation by reason of the adjudication of the issues raised by the original petition and the appeal therefrom. To this reply was filed.

It is claimed, and not seriously disputed, that on August 4, 1924, the insured paid half of the premium and gave a note to Boyle, the agent, for the balance. This was received by the branch office at Davenport on August 5, 1924. Defendant claims that the policy had lapsed at the time of the death of the insured, but the plaintiff asserts that, by reason of the provision in the policy above set out, at the time of death the year with the days of grace provided for had not expired and that said policy was not in force until the payment which was made on August 4 or 5, 1924. This is the principal controversy in the case.

On August 1, 1935, defendant filed a motion to dismiss

the substituted petition in equity as amended, and on November 13, 1935, plaintiff filed a motion asking, under the provisions of section 11131 of the Code, to have the court determine the law prior to trial. On March 3, 1936, the court filed ruling on both motions, with findings, overruling the motion to dismiss, and determining as a matter of law as follows:

"* * * that if upon trial the plaintiff establishes (a) the policy and attached application as alleged; that plaintiff's intestate was in good health on August 4, 1924, (b) that the defendant's instructions to agents were carried out as pleaded, (c) the payment of the first annual premium on or after August 4, 1924, as averred, and delivery of the policy, then the plaintiff will be entitled to the reformation prayed for, and upon further establishing the death of the insured on August 14, 1925, by external, violent, and accidental means, she will be entitled to recover the sum of $10,000.00, less one year's premium as provided in the policy contract, with 6% interest thereon from and after August 14, 1925. The Court, by the language used in this paragraph, has not intended to decide which of the parties upon the trial shall carry the burden of proof."

To this ruling due exceptions were taken by the defendant.

Trial was had beginning on October 4, 1937, and on the 19th day of November 1938, judgment and decree were filed reciting the facts above stated and finding that the policy issued did not take effect, in so far as binding the defendant company was concerned, until August 5, 1924; that the insured on such date was in good health; that the policy bore date of June 14, 1924; that the first payment was made, and that the insured was entitled to receive in consideration of such premium a full year's insurance, but that he did not receive a full year's insurance plus the 31 days of grace, but received approximately only 10 months' insurance; that the defendant company has not credited the insured's policy on the payment of the second premium payment with the unused amount of premium during the first year of the policy contract, and has also failed to

tender into court the amount of premium for which insured never received any benefit; that the equities are with the plaintiff and she is entitled to recover. The court held in another division of the decree that the determination of the law issues on March 3, 1936, was final as to the rights of the litigants, it not having been appealed from. Judgment was rendered for the sum of $9,858.30, with interest at 6 percent per annum from and after August 14, 1925, and for costs.

From this decree defendant appeals.

█ The plaintiff, in support of the ruling of the court, alleges that the supreme court is without jurisdiction to hear and determine this appeal, and that the appeal should be dismissed for the reason that the decree which adjudicated all issues of law on March 3, 1936, was final and binding on the parties and is res adjudicata, not having been appealed from; and that there can now be no controversy over the facts, notice of appeal in this case not having been filed until more than three years after the decree of March 3, 1936, and that such decree determined the whole controversy and no appeal will now lie.

We cannot agree with the plaintiff in this contention. Cases cited in support of her view do not determine the matter. Section 11131 of the Code, upon which plaintiff relies, follows the provisions in section 11130, providing for motion to dismiss, and immediately precedes section 11132 referring to plea in bar or in abatement, and reads as follows:

"Disposal of points of law. Every point of law going to the whole or any material part of the cause or causes of action stated in the petition, counterclaim, cross-petition, petition of intervention, or defense stated in the answer or reply, shall, on order of court or on motion of either party, be presented to the court and disposed of before final hearing."

This section has not often been considered by this court. In the case of Ater v. Mutual Ben. Dept., 222 Iowa 1390, 271 N. W. 517, both parties treated the motion as a demurrer and appeal was taken therefrom. In First National Bank v. Board,

217 Iowa 702, 250 N. W. 887, the proceedings were not under section 11131, but under sections 11130 and 11132. The section is mentioned in the case of Duvall v. Duvall, 215 Iowa 24, 244 N. W. 718, 83 A. L. R. 1412, but merely in connection with section 11130, and in this case there was a motion to dismiss.

Plaintiff cites In re Estate of Dodge, 194 Iowa 572, 189 N. W. 759, which was a probate proceeding and prior to the enactment of the section under consideration. Plaintiff also refers to the case of Buckler v. Safe Deposit & Trust Co, 115 Md. 222, 80 A. 899, citing a Maryland statute similar to ours. There was, however, only one question of law in the case and it was determinative. Such being the case, the order was held appealable. The cases of Clifford v. Montgomery, 202 Ala. 609, 81 So. 551, and Hill v. Cronin, 56 W. Va. 174, 49 S. E. 132, do not support plaintiff's contention.

Plaintiff insists that, for all practical purposes, the decree of March 3, 1936, determined the case, citing Dorman v. Credit Ref. & Rep. Co., 1932, 213 Iowa 1016, 241 N. W. 436. That case involved the appealability of an order overruling a motion for more specific statement, and is based on the holding that such an order is appealable when the ruling deprives the movant of a right which cannot be protected by an appeal from the final judgment. It does not involve section 11131. In the case at bar, however, all the matters considered in the motion under section 11131 would necessarily inhere in the final judgment, and would be protected by an appeal therefrom. The rule in 1 Freeman, Judgments, 5th Ed., section 31, page 52, and cases in note 20, cited by plaintiff, is to the effect that if, after a decree has been entered, no further questions can come before the court except such as are necessary to be determined in carrying the decree into effect, the decree is final; otherwise it is interlocutory.

One difficulty about the contention of plaintiff is the fact that the order here was made not only prior to the taking of testimony but before the issues in the case were made up. No answer had been filed and the case was in no way at issue.

This question has only recently been before this court in

the case of Patterson v. Beard, 227 Iowa 401, 288 N. W. 414, where it was contended that the ruling of the court upon defendant's motion to dispose of points of law was an adjudication as to certain matters therein, and on this point the district court refused to consider the question of the incompetency of an exhibit, for the reason that at that stage of the case such question could not be determined.

We think that there is no question that in this case the motion was premature; nor do we think that the object of the statute is to test the court in advance on questions of law based upon an assumed state of facts which might or might not appear from the evidence. We doubt if this is the purpose of code section 11131.

Several questions are presented which we do not think necessary to discuss, among them the question of limitation, and some questions of procedure, suggested but not argued, and which relate more particularly to the formalities of reporting the trial.

The question of the evidence regarding the date of delivery of the insurance policy is argued by the parties, but our holding on the principal question in the case we think disposes of this part of the controversy.

The two principal questions involved in the action are: First, the right of the plaintiff to a reformation; and, second, the time at which the insurance took effect.

As to the first question the prayer of the petition is:

"Plaintiff prays that said policy be reformed and corrected to conform to and correctly evidence and express the true and actual contract agreement of said parties and conform to the Statutes of the State of Iowa, by striking from said policy '14th day of June' and inserting in lieu thereof, said terminal end of the initial annual period of insurance and the date on which said second premium became due, fourth day of August, and payable within thirty-one days thereafter; that is to say, that the court strike from said policy the date of June 14th, as the date for the payment of the second and sub-

sequent annual premium, and insert, in lieu thereof, the words August 4th, * * *."

■■ To entitle plaintiff to reformation such as prayed for in the petition it must appear that the contract does not express the true agreement of the parties. If it does not so appear, the contract must necessarily be controlling. To entitle a person to reformation there must be some showing of fraud, ambiguity, or mutual mistake. No question of fraud arises in this case, nor is there evidence of mistake. Plaintiff urges the well-known rules of liberal construction in favor of the insured, the construction of contracts of life insurance so as to avoid forfeiture, and the general rule for interpretation in favor of the insured. About these propositions there can be little doubt. But no question of construction arises in this case. The general rule is that, to warrant reformation the proof necessary must be clear, satisfactory, and convincing. Haugh v. Lanz, 187 Iowa 841, 272 N. W. 199; King v. Good, 205 Iowa 1203, 219 N. W. 517. Of course, there could not be mutual mistake and fraud, since these claims would be mutually destructive. See Seymour v. Chicago & N. W. R. Co., 181 Iowa 218, 164 N. W. 352. From an examination of the record we find no evidence which would warrant a finding of either fraud or mutual mistake.

■ As to the date from which the insurance took effect, the policy bears date of June 14, 1924; the application was signed June 10, 1924. The actual date of the delivery of the policy was, according to the plaintiff, not earlier than August 5th; according to the defendant, soon after the date of the policy. The question is: Does the insurance lapse 31 days after the premium date expressed in the policy?

This is a question that has often been before the courts, and the holdings of the various courts are not in agreement. Many cases are cited by both plaintiff and defendant in support of their views. Reference need be made to only a few of the many cases. In the case of McMaster v. New York L. Ins. Co., 1901, 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64, the

policy provided, similar to the one in controversy, that the insurance was not to be in force until actual payment and acceptance of the premium. But the premium was not actually paid and the policy was not delivered until December 26th. The date of the policy was December 18th; the date of the application was December 12th. The case holds that the date of the policy controlled, and that the policy was not in force on December 18th. See also, Wilkinson v. Commonwealth Life Ins. Co., 176 Ky. 833, 197 S. W. 557, 6 A. L. R. 769, and cases cited therein; and cases cited in Timmer v. New York L. Ins. Co., 222 Iowa 1193, 270 N. W. 421, 111 A. L. R. 1412.

The case of Penn Mutual Life Ins. Co. v. Forcier, 8 Cir., 103 F. 2d 166; Id., D. C., 24 F. Supp. 851, supports the plaintiff's contention, under the Missouri rule, as does Prudential Ins. Co. v. Stewart, 9 Cir., 150 C. C. A. 272, 237 F. 70, 6 A. L. R. 766; and such is generally the holding of the Missouri cases, and of the supreme court of Oregon. Plaintiff cites Minnesota as supporting the rule contended for, but that state has since receded from the position originally taken, and the case of Stramback v. Fidelity Mut. L. Ins. Co., 94 Minn. 281, 102 N. W. 731, has been overruled. In the more recent case of Juster v. John Hancock Mut. Life Ins. Co., 1935, 194 Minn. 382, 260 N. W. 493, the holding in the Stramback case is expressly overruled.

Many of the cases cited turn upon ambiguity in the contract, some upon the question of fraud, and others upon other grounds, and the cases cannot be reconciled. We think, however, that the question has been determined by this court, in the case of Timmer v. New York L. Ins. Co., supra, which we believe is supported by the weight of authority. The plaintiff calls attention to the fact that in that case there was a specific agreement as to the date of the policy. The contract of insurance in the instant case, however, unless reformed, determines the agreement of the parties as to all matters therein.

The reasons given in the Timmer case, supra, apply to the case at bar. The question was there determined that, even if the policy provides that it shall be effective only from the date

of delivery, and even though antedated, the premium date controls. The case reviews many authorities cited by counsel in the present case and we need only refer thereto, and quotes from an earlier case—Tigg v. Register Life Ins. Co., 152 Iowa 720, 133 N. W. 322. In the present case there is no showing that the contract of insurance was not agreed to by the parties thereto. We think the facts in this case bring it within the rule expressed in the Timmer case.

The rule in Iowa, as indicated in that case, and to which we adhere, is that the policy having set out the annual premium dates, and having been issued and accepted, determines the date of lapse in the absence of the establishment of grounds for reformation. It seems to us that the rule fixing a definite date for the beginning and termination of the policy year, and as fixed by the premium dates in the policy, is a valid reason for sustaining the view expressed in the Timmer case. Any other rule renders uncertain the period covered by the contract, and would in many cases involve the determination of the period by matters outside of the expressed terms thereof.

As we view the case at bar, there were no grounds established for reformation of the contract, and under the terms thereof, at the time of the death of the decedent the policy had lapsed and there could be no recovery thereunder.

For the reasons stated, the finding and decree of the district court must be, and it is, reversed.—Reversed.

HAMILTON, C. J., and MITCHELL, RICHARDS, SAGER, BLISS, and MILLER, JJ., concur.