Daly v. The W. W. Kimball Co.

DALY v. THE W. W. KIMBALL CO.

1. **Evidence:** PAROL TO VARY WRITING: DUTY OF COURT TO INTERPRET WRITING. This action was founded upon a written contract (set out in the opinoin) which shows an unconditional sale of a new piano to plaintiff, and the like sale of an old one by her to defendant, and an unequivocal agreement on her part to pay a certain sum of money in addition. *Held* that it was error to admit parol testimony to show that the sales were upon conditions not expressed in the written contract; and that it was the duty of the court to interpret the contract as written, and error to submit it to the jury for intrepretation in the light of such oral testimony.

2. ——: OF VALUE: WITNESS MUST BE SHOWN TO BE COMPETENT. A witness should not be allowed to state what in his judgment a certain article (a piano in this case) is worth, without first showing that he is acquainted with the value of such property in the market.

*Appeal from Polk Circuit Court.*

WEDNESDAY, OCTOBER 7.

PLAINTIFF brought this action to recover the value of a piano. She alleges in her petition that she entered into a contract with defendant for the exchange of a piano which she owned for another piano which defendant owned; that it was a condition of the contract that she should have a reasonable time after the delivery to her of defendant's instrument within which to test it, and that, if she was not satisfied with said instrument after testing it, but preferred to retain her own, defendant would take it back and return her piano to her, but, if she was satisfied with the instrument after testing it, she was to retain it, and pay defendant the difference in value between the two instruments; that in pursuance of this agreement defendant delivered said piano to her and took possession of her instrument, and removed the same from her premises; that afterwards, and after she had fairly tested the piano left with her, she notified defendant that she was not satisfied with it, and requested him to remove it and return

her instrument; that defendant did remove the piano which had been delivered to her under the contract, but has neglected and refused to return the instrument belonging to her, but has converted the same to its own use. Defendant denies that it made a contract with plaintiff for the exchange of pianos on the conditions alleged by her, and alleges that it made an unconditional sale of a piano to plaintiff for the price of $375, and that it accepted from her an old piano at the price of $125 in part payment of said sum; that, after the sale and delivery of said piano to plaintiff, she desired to exchange the same for another instrument, and that at her request it consented to make such exchange, and that after this exchange was consummated it consented to take back the second piano delivered to her and permit her to select a lower-priced instrument, and that, in compliance with this agreement, it did take said instrument away, and that it has at all times been ready and willing to deliver to her another instrument in place of the one so removed, but that she had neglected and refused to designate one which she was willing to accept. There was a verdict and judgment for plaintiff. Defendant appeals.

*Callender & Smith*, for appellant.

*J. M. St. John*, for appellee.

REED, J.—I. On the trial plaintiff introduced parol evidence which tended to prove that defendant delivered the piano which it first delivered to plaintiff, and received the old instrument from her, on the understanding that she should test the instrument which she received, and that, if she was satisfied with it after giving it a fair trial, she should keep it at the price agreed upon, which was $375, and that defendant should retain the old piano at $125, and credit that amount on the price of the new one; and that plaintiff should pay the balance of the price in monthly installments; but that, if she ·

1. EVIDENCE: parol to vary writing : duty of court to interpret writing.

was not satisfied with it after such trial, she had the right to terminate the transaction and demand the return of the old instrument and the removal of the one delivered by defend- ant. Defendant introduced the following instrument in writ- ing, which was signed by plaintiff and delivered to defendant at the time the contract was entered into:

" $375                                        JUNE 2, 1883.

" For value received, I, the undersigned,      *      * * promise to pay to the order of W. W. Kimball Com- pany three hundred and seventy-five dollars, at its office in Chicago, Illinois, as follows: One hundred and twenty-five dollars in hand paid by one second-hand piano; fifteen dol- lars on the second day of July; and fifteen dollars on the second day of each following month until the whole amount is paid, with interest on each payment at the rate of 10 per cent per annum from the date hereof until paid, with exchange, and a reasonable attorney's fee if this note is placed in the hands of an attorney for collection. To secure the payment of the sums of money in the foregoing note con- tracted to be paid, together with interest, exchange and attorney's fees, as therein provided, the undersigned hereby mortgages to said W. W. Kimball Company one piano, made by Emerson, No 28445, style '3,' being the property sold by W. W. Kimball Company to me, in part payment for which the foregoing note is given.  *      *     * "

After introducing this instrument, defendant moved the court to exclude said parol evidence on the ground that it tended to prove a different contract from the one evidenced by the written instrument, and was therefore incompetent. The court overruled this motion, and by his instructions he left it to the jury to determine what the agreement between the parties was, and directed them that, in determining that question, they should consider the written contract and all that was said and done by the parties in the dealings and transactions which are the subject of the action. In our opinion, these rulings are erroneous.

By the written contract, plaintiff bound herself unconditionally to pay $375 for the piano which defendant had sold to her. It also contains an express agreement between the parties that the second-hand instrument should be taken by defendant as payment of $125 of that amount. It evidences an unconditional sale of the new instrument to plaintiff and of the old one by her to defendant. The parol evidence tended to prove a different contract. Under the familiar elementary rule that parol evidence is inadmissible to contradict or vary the terms of a written instrument, it should have been excluded, and the court, instead of submitting it to the jury to determine what the agreement was, should have determined the question by properly interpreting the instrument. 1 Greenl. Ev., § § 275, 277; *American Emigrant Co. v. Clark*, 47 Iowa, 671.

II. A witness who was not shown to have any knowledge of the market value of such property was permitted, against defendant's objection, to testify that the piano

2. ——: of value: witness must be shown to be competent.

which defendant received from plaintiff was in her judgment worth $125. This evidence was incompetent. Defendant's liability, if it was liable at all, was for the fair market value of the piano. The opinions of witnesses who were shown to be acquainted with the value of such property in the market would be competent evidence to prove such value. There can be no presumption, however, in the absence of a showing, that a witness is competent to form a correct opinion on the subject; and, until some showing of competency is made, the opinion of the witness is not admissible.

For the errors here pointed out, the judgment of the circuit court will be

REVERSED.