HENRY v. SIOUX CITY & PACIFIC R'Y CO.

1. **New Trial:** ARGUMENT TO JURY: INFLAMMATORY AND PREJUDICIAL STATEMENTS NOT WARRANTED BY RECORD. A court should not set aside a verdict in favor of the offending party in every case where a baseless charge or insinuation has been made and insisted on by counsel, in argument to the jury, against the objection of opposing counsel. This certainly should not be done if the verdict could not properly have been otherwise, and perhaps not if the court has reasonable ground for presuming that, after all, the unsuccessful party has had a fair trial. The court may doubtless look into the nature of the case, as shown upon the trial, as well as the result, and allow its determination to be influenced by it. Under all the circumstances of this case, (see opinion,) *held* that defendant's motion for a new trial, on the ground of inflammatory and prejudicial statements and insinuations, made to the jury in argument, and not warranted by the evidence, should have been sustained.

*Appeal from Cherokee District Court.*

THURSDAY, DECEMBER 9.

ACTION to recover for a personal injury. There was a trial to a jury, and verdict was rendered in favor of the plaintiff for $10,000. The court below, believing that the verdict was excessive, gave the plaintiff his option to accept a judgment of $6,000 or take a new trial. The plaintiff having elected to take a judgment of $6,000, such judgment was rendered, and the defendant appeals.

*Joy, Wright & Hudson*, for appellant.

*E. C. Herrick* and *E. F. Gray*, for appellee.

ADAMS, CH. J.—The defendant moved for a new trial on the ground of the misconduct of one of the plaintiff's attorneys. The misconduct, as set out in the motion for a new trial, is alleged to consist " in appealing to the prejudice, and inflaming the passions, of the jury, by reference to matters not in record, and by statements not warranted by the

testimony in the case, in this: that in the opening argument counsel repeatedly urged upon the jury that the defendant was a rich, powerful and wealthy railroad corporation; and, further, in this: that said counsel urged to the jury that defendant, by the exercise of superior power, and by the use of corrupt and unlawful means, had procured the plaintiff to be indicted by the grand jury of Harrison county for selling whiskey, for the purpose of breaking down his evidence in this case,—for all of which statements there was no warrant in the testimony." In support of the motion the affidavits of A. A. Hudson, counsel for the defendant, and W. E. Code, short-hand reporter, were filed, and the plaintiff's counsel, E. C. Herrick and E. F. Gray, filed their own affidavits in resistance. The court overruled the motion, and the defendant assigns the overruling as error.

The facts appear to be that the plaintiff, in the course of the trial, was called to the stand as a witness in his own behalf, and his testimony became very important in maintaining the issues upon his part. Upon cross-examination the defendant sought to impair his credibility, and for that purpose asked him, in substance, if he had not been indicted in Harrison county for selling whiskey; and he answered that he understood that he had been, but denied that he sold any liquor in fact. Afterwards the plaintiff showed, on the cross-examination of one Middleton, called as a witness for the defendant, that he, while in the employment of the defendant, was sent by the general superintendent to Missouri, where the plaintiff was at that time, to see what was his physical condition, and what he was doing; that Middleton found the plaintiff there, and had some conversation with him, and in one of their interviews he asked the plaintiff to take a drink, but he declined. The conduct of Middleton in going to Missouri, and while there in inviting the plaintiff to take a drink, was seized upon by one of the plaintiff's counsel in argument to the jury as a ground for claiming that Middleton's real motive was to get the plaintiff under

the influence of liquor, in order to obtain from him while he should be in such condition some admission which could be used against him on the trial of this case. He also claimed, in substance, that there was ground for inferring that Middleton had had something to do with procuring the indictment against the plaintiff, for the purpose of injuring him in the trial of the case. He also went a little further, and made an insinuation against the defendant in this respect, if we understand the purport of what it is shown that he said.

It is shown by the affidavit of the short-hand reporter, and his statement appears to be undenied, that during the argument of the plaintiff's counsel the counsel for the defendant objected to the counsel for the plaintiff urging, in his argument to the jury, that the facts would warrant them in concluding that the defendant corporation procured an indictment against the plaintiff, because there was no evidence tending to so show; that thereupon the plaintiff's counsel said to the jury: "We do not charge that the corporation in the case procured the indictment. We do not say that they had anything to do with the indictment. But what I say to you is that the facts that have been disclosed in evidence in this case, with regard to the action of this man Middleton, are such as are not inconsistent with the inference that they might resort to a proceeding of that kind for the purpose of injuring the case of the plaintiff before the jury."

The act referred to, of procuring an indictment against the plaintiff for the purpose of proving the same, by cross-examination of him, in order to impair his credibility, would, if done by the defendant, have been one which would have justly awakened against it universal indignation. The plaintiff's counsel very adroitly disclaimed making an express charge of such act, of which there was no evidence; but he did what was probably more effective, under the circumstances of the case. He made an insinuation of the act. Now, we do not think that we should be justified in exten-

uating such conduct, and in saying that the defendant had a fair trial. We are aware that it is not uncommon for counsel in argument to a jury to say things which are not warranted by the evidence. In most cases, probably, where this is done, the jury can be trusted to take notice that what is said is not warranted by the evidence. Where the counsel for the opposite party do not think they can be thus trusted, it is their duty to object to the unwarranted statements; and the counsel who has made them should promptly admit that he stands corrected. But in the case at bar the counsel for the plaintiff did not do this. On the other hand, he resorted to an insinuation which was, if possible, more objectionable than an express charge.

If there had been any evidence, however slight, tending to show that the defendant had been guilty of the act referred to, it would have been the counsel's right to make an express charge, and stand upon it; but, in the absence of any evidence whatever, there was nothing which he could properly say about it.

We do not wish to be understood as holding that a court should, in every case where a baseless charge or insinuation has been made and insisted upon, against objection, set aside a verdict rendered in favor of the offending party. This certainly should not be done if the verdict could not properly have been otherwise, and perhaps not if the court has reasonable ground for presuming that the unsuccessful party has, after all, had a fair trial. The court may doubtless look into the nature of the case, as shown upon the trial, as well as the result, and allow its determination to be influenced by it. But the case at bar was one where it was peculiarly important that no baseless charge or insinuation should be made calculated to inflame the passions of the jury. The injury was one of considerable seriousness, and of that the jury had ocular demonstration. But the injury was one the gravity of which might, in a measure, be easily simulated by the

plaintiff, and there was some reason to think that this was done.

Again, the evidence was such as to leave it doubtful whether the injury was not due wholly to the plaintiff's own negligence. There is some doubt, indeed, whether the evidence does not conclusively show that it was. Yet the jury not only found for the plaintiff, but rendered a verdict for $10,000, which, in view of the character of the injury, as shown, appears to have been an extraordinary amount. It was more than double the amount allowed upon a former trial, and $4,000 more than the court below was willing should be allowed upon this trial. If the jury, as the court must have thought, was influenced by passion in rendering so large a verdict, there was some ground for thinking that it might have been in passing on the question of negligence. In cases of this magnitude, delicacy and difficulty, courts should see to it, as far as possible, that the scales are held even, and that unwarranted charges or insinuations made before the jury should not, if insisted upon by the offending party against objection, be allowed to pass without rebuke. We no not wish to be understood as implying that we think that the counsel for the plaintiff consciously intended to perpetrate a wrong. He is a gentleman of high standing at the bar. But we think that he was misled by his zeal into a a method of argument which prejudiced the defendant, and which merits our disapproval.

Several other questions are raised upon which the defendant claims a reversal. Some of them are not free from difficulty, and as they all inhere closely in the evidence, which may be different upon another trial, we do not determine them.

For misconduct of the plaintiff's counsel the judgment must be

　　　　　　　　　　　　　　　　　REVERSED.