C. DURANT JONES, Appellant, v. TOM WELCH.

Intoxicating Liquors: INJUNCTION: EVIDENCE. The payment of the internal revenue tax imposed upon the business of selling liquor, together with the other evidence in the case, is held sufficient to justify an injunction restraining defendant from keeping for sale or selling intoxicating liquors in a restaurant conducted by him.

*Appeal from Dallas District Court.*—HON. W. H. FAHEY, Judge.

WEDNESDAY, NOVEMBER 25, 1914.

ACTION to enjoin the defendant from maintaining a liquor nuisance. An injunction was denied, and from this ruling the plaintiff appeals.—*Reversed.*

*H. H. Sawyer,* for appellant.

*H. S. Dugan,* for appellee.

PER CURIAM.—The application was for a writ of injunction against the keeping for sale or selling of intoxicating liquors in the restaurant and chophouse conducted by defendant in the city of Perry. The evidence discloses that he held a government license as a retail liquor dealer to be carried on at that place of business. The city marshal testified that it had the reputation of being a place where intoxicating liquors were sold, and that complaint had been made as late as August

or the 1st of September prior to the beginning of the action, but he could not name any one who had mentioned the matter. Another testified to such reputation, but it appeared that he based his testimony on statements of railroad employees sued for board obtained from Welch; that if witness, who was a collection agent, insisted upon payment, they would "make Welch smart for selling liquor." A constable's testimony was of the same character. The defendant denied ever having kept or sold intoxicating liquors, but admitted having the government license, and explained that stockmen and railroad men would bring liquor to his place and step into the hall or into the storeroom and drink, and, because of this, government officials advised him that, as a license would cost only $25, he better obtain one and avoid any trouble. "I was advised by them that if I used this liquor in cooking, or if men were found there in the hall or any out of the way place drinking, it would be presumed that I sold it there to them and I would be liable to arrest by the officials." He denied having obtained the license with intent to sell liquors thereunder, explained that he used intoxicating liquors in cooking, and that further:

I drink beer myself and sometimes I take a little down there for myself at night. . . . That is kind of a home for a lot of the railroad boys. They come there and eat and loaf when there is room to loaf.

His place of business consisted of a kitchen, storeroom, clothes room, and lunch room, and all were open. A witness had seen people have a bottle at the place and take a drink, and the county attorney had observed nothing out of the way.

This was all the evidence, and we think was ample to justify the issuance of writ of injunction. Section 2427 of the Code declares that the payment of the special tax of the general government exacted as license for the retail sale of intoxicating liquors shall be presumptive evidence that the person having paid such tax is engaged in keeping for sale or

selling such liquors contrary to law. Section 3, chapter 105, of the 34th General Assembly, provided that:

The certified copy furnished by the internal revenue collector of the name of any person who has paid to the federal government the special tax imposed upon the business of selling intoxicating liquors shall be *prima facie* evidence that said person is engaged in the sale of, or keeping with intent to sell, intoxicating liquors in violation of law, unless it is made to appear by such person that he was not so authorized. Section 2427-c, Code Supp.

A prima facie case then was made out against defendant. He was not authorized to sell or keep for sale and his explanation is not credible. He had been engaged in business at the same place for thirteen years, and it is extremely improbable, to say the least, that he should have surrendered the license fee for two successive years merely to afford him the feigned protection which, according to his story, he did not require and got along without all the years before. The explanation does not commend itself as worthy of belief, and the only doubt as to guilt is raised by his denial. That, however, was not sufficient to overcome the prima facie case made against him, sustained as it was by the evidence of reputation and his admission of having taken beer on the premises where customers habitually loafed during the night, even though this ostensibly was for his own use.

Decree should have been entered as prayed and an attorney's fee of $25 taxed in favor of plaintiff's attorney and the cause will be remanded for such entry in the district court.

A like amount as attorney's fee will be taxed as part of the costs in this court.—*Reversed.*

All the Justices concur.