JOSEPH CVITANOVICH, Appellee, v. DAVID BROMBERG, Appellant.

**EVIDENCE:** Opinions—Liquors Sold—Amount—Estimate. Under
1   record, *held* not objectionable to permit a witness, who kept no
account of sales of liquors, to state ''about'' how much of such
liquors were delivered at divers times.

**TRIAL:** Cross-Examination—Undue Limitation. Where the witness
2   claimed he was working all the time for a certain brewing com-
pany in the delivery of liquors to plaintiff for defendant and
was indefinite in his statements as to the amount delivered, *held,*
the defendant should have been permitted, on cross-examination,
to show that during said time the witness was dealing with other
liquor houses and delivering their liquors to plaintiff. But held
not reversible error to refuse such right.

**INTOXICATING LIQUORS:** Evidence—Federal Liquor Tax Receipt
3   —Presumption. The possession of a Federal intoxicating liquor
tax receipt raises a presumption that the holder is engaged in
the unlawful sale of intoxicating liquors, whether the action at
bar be civil or criminal. (Sec. 2427, Code 1897.) But the
holder has the right to explain his possession of such receipt and
thereby nullify the statutory presumption.

**TRIAL:** Evidence—Argument—Wealth of Litigants. The law has
4   but one standard for rich and poor alike—''a fair trial.'' The
injection into a trial of the relative wealth of the litigants, either
by direct questions or insinuations in argument before the jury,
is offensive to the high ideals of the law. Not even the curative
qualities of a rebuke by the court will always remove the reversi-
ble character of such conduct.

PRINCIPLE APPLIED: Plaintiff brought action to recover
for liquors illegally sold by defendant to plaintiff. The record
on appeal was confusing, the evidence doubtful, and some of
the questions close. Defendant was asked by plaintiff if he had
not become rich by selling intoxicating liquors, objection thereto
was overruled, and defendant answered, ''I make good money
in real estate, not in whisky, that comes on the side.'' This
was followed by questions designed to show the defendant's rela-
tive earnings from the real estate business and from selling

whisky and beer. Objections thereto were sustained. In argument, plaintiff's counsel said: "I say that Bromberg got rich collecting money on beer and whisky which he sold to people of this county." Objection being made, the court said: "It does not make any difference whether Mr. Bromberg is rich or not. It has nothing to do with the case." *Held*, the conduct of counsel was reversible error, notwithstanding the rebuke by the court.

*Appeal from Appanoose District Court.*—HON. C. W. VERMILION, Judge.

THURSDAY, APRIL 8, 1915.

ACTION brought by plaintiff to recover $2,700.00 for liquor alleged by him to have been sold to him by the defendant between June, 1908, and November, 1910. The action was brought under the provisions of Sec. 2423 of the Code. There was a trial to a jury and a verdict and judgment against defendant for $1,500.00, from which he appeals.—*Reversed.*

*Wilson & Smith*, for appellant.

*C. A. Baker*, for appellee.

PRESTON, J.—1. We have had some difficulty in determining the merits of the controversy because of the confusion in the record. Twenty-four witnesses were examined, but their names appear sixty-seven times in the abstract and two additional abstracts. Substantially all the witnesses on both sides were recalled on the trial, some of them as many as four or five times. Their evidence is abstracted in the same way and set out in different places in the abstract, and again in the same manner in the additional abstracts. Some of the corrections of the testimony in the additional abstracts do not refer to the page where the testimony is set out in the abstract, or the first additional abstract. It might be well, perhaps, for trial judges, when counsel on both sides get into the habit of only partly examining their witnesses and excusing them, and then recalling all, or substantially all, of them,

to suggest to the attorneys that they exhaust the testimony of the witness before excusing him, subject, of course, to the right to recall a witness if something has been really overlooked. We have been compelled to abstract the abstracts and spend some time in straightening out the record that we could have very well used in investigating the points presented.

2. Appellant argues that the plaintiff is a self-confessed bootlegger and that his client, the defendant, claims that this case is a plain and simple holdup; that plaintiff was convicted of selling liquor and went to jail, and, because defendant would not pay his fine of three hundred dollars, this suit was brought; and that there was a conspiracy between plaintiff and one Herschberg, who was angry at defendant, and that the case rests largely upon the testimony of Herschberg, who, as defendant alleges, was discredited and impeached; that but for the prejudice against a person in the liquor business, there would have been no verdict.

Appellee admits in argument that plaintiff was convicted of selling intoxicating liquor, as he says, because defendant had induced him to sell, and promised plaintiff that he would protect him and that plaintiff would not have to go to jail; and that then defendant refused to pay appellee's fine and protect him, as he had promised; but, though witnesses gave impeaching testimony against Herschberg, and we are assured by counsel for appellee that plaintiff is a Croatian, speaking no English, and was induced by the defendant to purchase intoxicating liquors from him (defendant) and sell the same at his residence, where plaintiff's wife kept boarders, all foreign-speaking people, and that thus he became a "self-confessed bootlegger," from the record we are convinced that the transactions are not creditable to either plaintiff or defendant, and that neither is as innocent as he pretends. They were both selling liquor contrary to law.

3. The third assignment of error is that the court erred in permitting the witness Herschberg to express an opinion

as to the amount of beer and whisky delivered to plaintiff

during the time in controversy, for that his
**1. EVIDENCE:**
**opinions:** answer was simply a guess or speculation. It
**liquors sold:**
**amount: esti-** must be admitted that the evidence is some-
**mate.**
what indefinite, but it is not altogether the
expression of an opinion, as contended by appellant, but the
statement of facts. The claim is that this witness, under in-
structions from defendant, delivered beer and whisky to the
plaintiff. Witness testifies that he kept no account of the
sales or the quantity of liquor sold, but that he turned in to
defendant the amount each night. His estimate is that he
delivered about so many cases of each, beer and whisky, to
defendant and that plaintiff paid the defendant during the
time in question a certain amount on each coal mine pay day.
Under the circumstances, it would be difficult to get at it in
any other way. But we are of opinion that it was a question
for the jury from all the evidence in the case. It was also
a question for the jury, under the instructions of the court,
of which no complaint is made, as to whether the sales were
made in Iowa.

4. Complaint is made because Exhibit "P-3" was ad-
mitted in evidence. This purports to be an account between
plaintiff and the Rochester Brewery, and the wife of plaintiff
testifies that the defendant gave it to her.

5. Herschberg testified that he was working all the time
for the Rochester Brewing Company, and defendant assigns

**2. TRIAL: cross-** as error that the court limited the cross-ex-
**examination:**
**undue limi-** amination of this witness as to handling of
**tation.**
liquors for other concerns during the time it
is alleged Herschberg was delivering liquor for defendant.
The record is:

Q. "What other breweries were you acting for in 1909
and 1910, if any?"

Objected to as assuming, immaterial, not proper cross-
examination. The objection was sustained, but witness seems
to have answered. The abstract shows:

A. "I was working all the time for the Rochester Brewing Company."

Q. "Don't you know that you handled Simon Lewis whisky at Rock Island?"

Objected to as incompetent, not proper cross-examination, immaterial. Sustained.

Q. "Don't you know that you delivered the Simon Lewis liquor to Joe Cvitanovich during the time you have said you were working for the Rochester Brewing Company?"

Objected to as not proper cross-examination. Sustained.

We think the court might well have permitted a more liberal cross-examination of the witness, under the circumstances. As before stated, the evidence of the witness was somewhat indefinite as to the amount of liquor sold, and we think if, during the time witness claims he was working for one concern and delivering liquor to plaintiff for defendant, he was selling liquor to plaintiff from other houses, it would have a bearing on the question of amount of liquor sold by defendant. We would not reverse for this alone, although we think defendant was entitled to a cross-examination of the witness on that subject. But witness Simon Lewis testified as a witness for defendant, without objection, that he was in the liquor business at Rock Island, and that Herschberg was working for him in 1909, and that he was collecting for liquor sold in the territory where plaintiff was selling; this witness also testified that he shipped liquor to a man named Joseph Cvitanovich from June, 1908, to November, 1910. We think defendant was entitled to cross-examine the witness on the subject, notwithstanding the evidence of Lewis.

6. Appellant complains that the court erred in admitting testimony as to possession by defendant of a government stamp. Appellant cites no cases, but contends that the statute does not apply to a civil proceeding for the recovery of the purchase price of liquor, but only to criminal proceedings

3. INTOXICATING LIQUORS: evidence: federal liquor tax receipt: presumption.

under the chapter relative to selling or keeping for sale of intoxicating liquors.  Sec. 2427 provides, in part:

"In all actions, prosecutions and proceedings under the provisions of this chapter, proof of the actual manufacture, sale or gift in evasion of the statute of intoxicating liquors by a person not authorized to manufacture, sell or give the same shall be presumptive evidence of illegal manufacture or sale, etc.  .  .  .  The fact that any person not authorized to keep for sale and to sell intoxicating liquors for lawful purposes, engaged in any kind of business, has or keeps posted in or about his place of business a receipt or stamp showing payment of the special tax levied under the laws of the United States upon the business of selling distilled, malt or fermented liquors, or shall have paid such special tax for the sale of such liquors in this state, shall be presumptive evidence that the person owning or controlling such receipt or stamp, or having paid such special tax, is engaged in keeping for sale or selling intoxicating liquors contrary to the provisions of this chapter."

The trial court instructed in accordance with this provision of the statute.  This action, as before stated, was brought under Sec. 2423 of the Code, which is in the same chapter as the section quoted, and we think it applies here.

7. But it is said by appellant that the court erred in refusing to permit defendant's explanation of his possession of a government stamp or license.  The statute quoted makes the possession of the government stamp, or payment of the tax, presumptive, and not conclusive, evidence.  We think a party is entitled to explain in regard to this.  In *Jones v. Welch,* 167 Iowa 443, the holder of the stamp was permitted to give his explanation, but it was not determined that he had a right to do so.  Under the record in this case, it is doubtful whether appellant is in a position to complain. Defendant testified that he never sold any liquor at all, and then this question was asked:

Q. "And, by the way, was it your understanding that the Government required that a collection agent have a Government license?"

Plaintiff objects as immaterial. The objection sustained.

This is all the record shows on this subject. There was no offer to prove that such was the understanding of the witness. Possibly we should infer that the witness would have answered "yes," but he could have answered the question by either "yes" or "no." If the answer to the question should be "no," then, of course, it would not be an explanation at all.

8. The next two assignments of error may be considered together. They are: First, that the court erred in overruling defendant's objections to questions as to defendant's becom- ing rich by the taking of orders for beer and whisky; and second, that counsel for plaintiff was guilty of prejudicial misconduct in argu- ment to the jury in referring to the same matter. The learned trial court seems to have tried the case carefully and, doubt- less, in the hurry of the trial, overlooked the record as it is in regard to this matter. We think these two exceptions must be sustained. We had always supposed that litigants were entitled to a trial of their cases on the merits, regardless of the question as to whether they are rich or poor. The record shows that, when defendant was on the stand, counsel for plaintiff, in cross-examination, asked:

4. TRIAL: evi-
dence: argu-
ment: wealth
of litigants.

Q. "The facts are, Mr. Bromberg, that you have grown rich from taking orders for beer and whisky in this county, haven't you? (Defendant objects as prejudicial, improper and misconduct. Overruled.) A. I make good money in the real estate. Not in the whisky. That comes on the side. Q. Oh, whisky is on the side? A. Yes, sir. Q. How much money did you make in the year 1909 in real estate? (Objected to as immaterial, and sustained.) Q. How much money did you make in 1909 selling beer and whisky? (Objected to as as- suming and immaterial. Sustained.)"

In the argument to the jury, counsel for plaintiff said:

"I say that Bromberg got rich collecting money on beer and whisky which he sold to people in Appanoose County, Iowa. (Defendant objects to the statement as improper, prejudicial, etc.) Court: It doesn't make any difference whether Mr. Bromberg is rich or not; it has nothing to do with the case. Counsel for Defendant: We except to the remark of counsel for the reason stated."

It should be said that, before witness had completed his answer, and after he had said, "I make good money in the real estate," counsel for plaintiff moved to strike the answer as not responsive, which was overruled, and the witness continued with the rest of that answer without any further question being asked.

Counsel for appellee state in argument here that the question was asked for the purpose of having witness admit that he had taken orders for beer and whisky and was selling it, and was so considered by the trial judge, and that the statement by the trial court that it doesn't make any difference whether Bromberg is rich or not cures the error, if any there was. But we are of opinion that this is not sufficient. If counsel for plaintiff had only referred in his argument to the financial condition of defendant, and the court had promptly made the statement it did, and this had been all there was to it, it is possible that the error should be considered as cured, although there are cases holding that even then a case should be reversed for such a remark.

In *Westercamp v. Brooks*, 115 Iowa 159, an objectionable remark was made by one of the attorneys in the opening argument, and, upon objection being made, the court stated that he would instruct the jury not to consider any statements outside the record, and the court did so instruct in one of its written instructions, and co-counsel in the closing argument withdrew the remarks complained of and requested the jury not to consider any matter outside the record. Under such

circumstances, it was held that there was no prejudice, and there are other cases to substantially the same effect. But in this case, the evidence was in the record that defendant had made money in real estate, and this was in answer to a question as to whether he had not grown rich from taking orders for beer and whisky. In addition to that, the matter was emphasized by two other questions, objections to which were sustained. We are of opinion that there was reversible error at this point. As bearing upon this question, see: *Sullivan v. Railway,* 119 Iowa 464; *Manufacturing Co. v. Sterrett,* 94 Iowa 158; *Henry v. Sioux City Ry.,* 70 Iowa 233; *Almon v. Railway,* 163 Iowa 449.

In the instant case, as before stated, there was not only the statement of counsel in argument to the jury that defendant was rich, but there was evidence in the record as to his having made money, and insinuations in other questions, some of which were answered and some not answered. We have already indicated that the evidence is somewhat doubtful at some points, and there are other close questions in the case, and, on the whole record, we think it ought not to be said that the record as heretofore set out in regard to the wealth of the defendant was not prejudicial.

It is thought sometimes that in some of the cases a reversal has been had in civil actions for less serious misconduct than misconduct in some of the criminal cases where the conviction was affirmed. It would appear, perhaps, that the rule ought to be the other way, and yet a possible explanation of this is that, as is well known, in criminal cases counsel for defendant go outside the record in order to secure an acquittal, knowing that a new trial may not be granted under such circumstances, and that counsel for the state have a right to reply to such improper statements, and that, as long as the argument for the state is confined to a reply to improper argument by counsel for defendant, a reversal will not be had. If the state has no right to reply to such argument, then an acquittal might be obtained in a great many cases on matters

entirely outside the record, if the trial court does not control the trial. In civil cases, however, a new trial may be granted either party for prejudicial misconduct.

Some other matters have been argued, but we do not regard them as of controlling importance. Appellant's motion ·to strike the additional abstract is overruled.

For the errors pointed out, the judgment is—*Reversed,* and the cause—*Remanded* for another trial.

DEEMER, C. J., EVANS and LADD, JJ., concur.