HARVEY VANARSDOL, Appellee, v. HADLEY J. FARLOW, Appellant.

**TRIAL: Instructions—Measure of Damages—Unsupported Element.** Instructions to the effect that a measure of damages would be the difference between the value of property as it actually was when a party received it, and its value had it been as represented, are manifestly erroneous, when the record contains no testimony of the latter value.

**EVIDENCE: Opinion Evidence—Noncompetent Witness.** A witness is not competent to testify to the value of land when he has never been on the land and lives a material distance therefrom; nor is a witness competent who has never been on the land but once, lives at a great distance, and has manifestly superficial knowledge of the land.

**TRIAL: Misconduct of Counsel—Persistent Offer of Immaterial Matter.** Persistent and flagrant efforts to inject immaterial and inflammatory matters into the record for the purpose of prejudicing the jury may constitute reversible error.

**TRIAL: Argument—Misconduct of Counsel.** Parading before the jury the poverty of the plaintiff and the riches of the defendant constitutes, in and of itself, reversible error.

Headnote 1:   27 C. J. p. 109.   Headnote 2:   22 C. J. p. 698; 40 Cyc. p. 2199.   Headnote 3:   4 C. J. p. 959; 38 Cyc. p. 1498.   Headnote 4: 4 C. J. p. 959; 38 Cyc. p. 1501.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

## MAY 12, 1925.

### REHEARING DENIED SEPTEMBER 25, 1925.

ACTION brought by Vanarsdol against Farlow for false and fraudulent representations in the sale of a tract of land in Canada. From a verdict in favor of the plaintiff for $4,980.77, and the overruling of a motion for a new trial, the defendant appeals. —*Reversed.*

*Bolter & Murray* and *Robertson & Havens,* for appellant.

*Ambrose V. Burke* and *Roadifer & Burbridge,* for appellee.

ALBERT, J.—Plaintiff claims that, in November, 1918, the defendant, Farlow, entered into a written contract with one C. J. Beebee, selling Beebee 569 acres of land in the province of Saskatchewan, Canada; that said contract was subsequently assigned by Beebee to the plaintiff, in a deal had between the plaintiff and Beebee, in which plaintiff deeded, or caused to be deeded, an 80-acre tract of land in Harrison County, Iowa, and also executed to Beebee his promissory note for $2,250, which note was subsequently transferred to the defendant, Farlow, by Beebee. He says he was induced to make this trade with Beebee by false and fraudulent representations made by Farlow to the plaintiff as to the character and value of the Canada land, and that he was deceived thereby, and was damaged to the extent of $10,000.

The defendant, Farlow, admits the execution of the contract between himself and Beebee referred to by plaintiff; admits that he consented to its assignment to the plaintiff herein; admits the execution of the $2,250 note by the defendant; and denies all other allegations of the petition. He alleges that the 80-acre

tract of land deeded by plaintiff was not worth the mortgages that were against it; says that, at the time of the transaction, the plaintiff was insolvent, and that the promissory note made by the plaintiff was worthless. He counterclaims, in the second division, against the plaintiff for $2,672 on certain promissory notes held by him and executed by the plaintiff. This is a sufficient statement of issues necessary to the questions raised.

This case was formerly before this court under the same title, and is reported in 193 Iowa, at page 785. The law of the case, in certain particulars, seems to have been settled, and as there pronounced, is binding in this consideration of the case. The case seems to have been tried, and was submitted by the court to the jury, on the theory as explained in the former opinion of this court, supra, to wit: that the measure of damages was the difference between the actual market value of the land as it was at the date the plaintiff acquired it, and what the actual market value would have been, had the land been as represented. Passing, for the moment, the competency of the testimony of the witness who testified as to the value of the Canada land, it is first to be noted that the record is

1. TRIAL: instructions: measure of damages: unsupported element.

wholly silent, in so far as any evidence is concerned of what the actual market value of this land would have been, had the land been as it was represented. With this evidence wanting, it was error to send the case to the jury, because they had no basis by way of evidence on which to measure the damages as marked out in the instructions of the court; and with the absence of the evidence, the case was wholly lacking in an element necessary in proof, before it could be sent to the jury by the court.

It is also contended that neither of the two witnesses who testified as to the value of the Canada land, was shown to be competent. The competency of the witnesses who testified as to the value is primarily a question for the court.

2. EVIDENCE: opinion evidence: noncompetent witness.

The weight of the testimony, when once admitted, is for the jury. Two witnesses were offered by the plaintiff, who attempted to testify as to the value of the Canada land. One witness, Sears by name, testified that he lived in Canada, some 300 miles from the land in question; that he had never been on the land in controversy, except once,

in November, 1920, when the plaintiff wrote him, requesting him to go to the land and see what kind of land it was. He came by train to the town of Macoon, which is near the land in controversy, and hired a liveryman to drive him out to see the land. After having testified as to what he saw as to the character and topography of the land as it was in November, 1920, he attempts to testify as to what the price of the land was in March, 1919. The question being waived of the well-known fluctuation of land values at that time, all over the country, upon direct examination he was permitted to say that the land was worth nothing, or perhaps $3.00 an acre. On cross-examination, he says:

"I don't know what it was worth in March, 1919; I have no knowledge of its value at that time. I based my knowledge on what it was worth in November, 1920. It was not based upon its value in 1919; and it was just my opinion and guess of what it was worth in 1920, as it was based entirely upon what I learned in 1920."

He does not qualify, or say that he was acquainted with land values in the vicinity of this land at that time. He was there but once, and he says that he made only one inquiry of one man about the value of the land, and that he does not know who he was. Surely, this man was not a competent witness, and did not possess the qualifications to express an opinion as to the value of this land in March, 1919. 1 Elliott on Evidence, Section 180; *Raridan v. Central Iowa R. Co.*, 69 Iowa 527; *Daly v. W. W. Kimball Co.*, 67 Iowa 132; 40 Cyc. 2199.

The other witness who testified as to the value of the Canadian land, one Howard by name, was a resident of Omaha, Nebraska. He had numerous land deals in Canada, and owned quite a large acreage there himself. His testimony shows that he was never on the land in controversy, never saw the same, or had any idea or knowledge of the topography of it; and that the land that he owned was 40 miles from the land in controversy. This seems to be the sum total of his qualifications to place a value on this land. It is wholly insufficient, in our judgment, to warrant the admission of such testimony from this witness.

Complaint is made as to the argument of counsel, and also misconduct in asking questions wholly outside of the record, to

cast reflection upon the witness and prejudice the jury against
him. These complaints were both justified,
under the record in this case. We have repeat-
edly cautioned attorneys about attempting to
inject poison in the case by persistent and fla-
grant efforts to inject immaterial matter in the case which is
only offered for the purpose of prejudicing the jury, and trust
that this warning will be sufficient, on a retrial of this case.

3. TRIAL: miscon-
duct of counsel:
persistent offer
of immaterial
matter.

Further, plaintiff, in the closing argument to the jury, over
objection, which seems to have been overruled by the court,
sought to keep before the jury the notion that the defendant in
the case was a rich man, and the plaintiff a
poor one, made so by the machinations of the
defendant, and by inference argued matters
that were wholly outside of the record, as supporting this con-
tention. This practice of referring to the worth or poverty of
the respective litigants has been too often condemned by this
court to need citation of authority. The law knows no such
thing as a rich man or a poor man, but seeks to treat all alike,
to the end that even justice may be dispensed. Litigants must
be so treated by the attorneys and the courts. It was a preju-
dicial error for the plaintiff's counsel to so refer to this matter
in his address to the jury, and if for no other reason, we would
have no hesitancy in reversing this case on that ground. It is
no answer or excuse for counsel to say that it was in reply to
argument of opposing counsel, when the record does not so show.
*Sullivan v. Chicago, R. I. & P. R. Co.,* 119 Iowa 464; *Almon v.
Chicago & N. W. R. Co.,* 163 Iowa 449; *Cvitanovich v. Brom-
berg,* 169 Iowa 736.

4. TRIAL: argu-
ment: miscon-
duct of counsel.

Some other matters are discussed in argument in the case,
but we do not deem them material to this opinion.

As said, this is the second appeal in this case, and it is
regrettable that it must again be reversed and sent back for
retrial. Nevertheless, there are certain rules governing the trial
of cases which must be observed, to the end that justice may be
attained.—*Reversed.*

FAVILLE, C. J., and EVANS and ARTHUR, JJ., concur.