## LEE v. MAHONEY.

1. EVIDENCE: STATUTE OF FRAUDS.   Where a sale of real estate was evidenced by the notice specifying the terms and conditions upon which the property would be sold; a plat of the property, upon which was entered the name of the purchaser and the price bid; a letter of the purchaser relating to the purchase, all of which was connected by the parol evidence of the clerk at the sale, who made the entries upon the plat; *Held,* that the evidence was admissible to prove the contract.

2. SAME.   The memorandum in writing, of a contract transferring an interest in lands, need not be on one paper.   Neither is it necessary that all the parts should be cotemporaneous, or so complete when brought together, as to preclude the necessity of parol evidence to explain them.

3. STATUTE OF FRAUDS.   The statute of frauds prescribed by the Code of 1851, compared with the English statute.   *Wertheimer* v. *Peacock,* 2 Iowa 530.

*Appeal from Jackson District Court.*

SATURDAY, OCTOBER 22.

The plaintiff alleges that he sold certain lands at auction, upon certain terms and conditions, to be observed by the buyer; and that the defendant became the purchaser of certain lots, seven in number, and afterwards refused to complete the purchase by paying the amount bid, or by performing the conditions of the sale; and that at a subsequent day the lots were sold again, producing a much less sum; wherefore the plaintiff claims to recover nine hundred dollars as the difference in the sales and as the expenses of a re-sale. The plaintiff offered certain evidence, a material portion of which was rejected by the court, and thereupon he was subjected to a nonsuit. The plaintiff appeals, and assigns as error the rejection of the evidence and the order directing a nonsuit.

*Wm. E. Leffingwell,* for the appellant.

I. Section 2411, by its exceptions and qualifications, preserves the old statute of frauds, Stat. 29 Car. 2 c. 3, intact in this State. Any evidence which would have been inadmissible under that statute, is also inadmissible under the Code. *Wertheimer* v. *Peacock,* 2 Iowa 530.

II. It has been uniformly held in England, and in this country, that if the statute is not pleaded, it will not be noticed. 1 Mad. Ch. 383; *Kinzie* v. *Penrose,* 2 Scam. 520; *Dyer* v. *Martin,* 4 Ib. 150; *Burke* v. *Haley,* 2 Gil. 614; *Tarleton* v. *Vicks,* 1 Ib. 470; *Thornton* v. *The Heirs of Henry,* 2 Scam. 221; *Switzer* v. *Skiles,* 3 Gilm. 529; Ld. Eldon in *Cooth* v. *Jackson,* 6 Vesey 37; *Whitney* v. *Cochran,* 1 Scam. 209, 1 Black. 58; 3 Ohio 345.

III. In the sale of real estate at auction, the auctioneer is the agent of both the vendor and the vendee, and a memorandum made by him, or his clerk, is sufficient to take a contract of sale out of the Statute of Frauds. *Hinde* v. *Whitehouse,* 7 East. 558; *Simon* v. *Motivos,* 3 Burr 1921; *Coles*

v. *Trecothick*, 9 Ves. 234; 2 Taunt. 38; *White* v. *Proctor*, 4 Ib. 209; *Kenworthy* v. *Schofield*, 2 Barn. & Cres. 945; *McComb* v. *Wright*, 4 John. Ch. 659; *Morton* v. *Dean*, 13 Met. 385; *Adams* v. *McMullen*, 7 Porter 73; *Meadows* v. *Meadows*, 3 McCord 73; *Cleaves* v. *Foss*, 4 Greenl. 1; *Alma* v. *Plummer*, Ib. 258; *Hunt* v. *Gregg*, 8 Black. 108; *Black* v. *Hawley*, 2 Gil. 614.

III. It is immaterial in what part of the writing the signature appears, if it appears that it was made with reference to the agreement. It may be printed. *Sanderson* v. *Jackson*, 2 Bos. & Pul. 239; *Schnieder* v. *Norris*, 2 Maule & S. 286; 2 Black. Com. 297; 3 Esp. R. 180; 8 Ves. 175; *Phillaman* v. *Berry*, 1 Camp. N. P. C. 513. Neither is it material with what it be written. *Loveday* v. *Claridge*, cited in Comyns R. 541; *Rayner* v. *Clarkson*, 1 Phill. Ec. R. 22; *Classon* v. *Bailey*, 14 John. 491. The memorandum need not all be upon one piece of paper, it may be upon several, if they refer to each other, or their connection can be established. *Allen* v. *Bennett*, 3 Taunt. 375; 2 Par. Cont. 285 note *c; Shippey* v. *Derrison*, N. P. C. 190; *Roget* v. *Merritt & Clapp*, 2 Caines 117; *Taggart* v. *Gerard*, 5 S. & R. 19; *Burke* v. *Haley*, 2 Gil. 617.

IV. Although a memorandum in writing is not sufficient to answer the statute, yet the contract is not illegal or void for this reason, but may be given in evidence, with the same effect as any other agreement binding in honor and conscience. 1 Smith Lead. C. 138 (marginal) and notes; Sug. Ven. 70, *Leak* v. *Morris*, 2 Ch. C. 185; *Hollis* v. *Whiting*, 1 Vern.; *Whitechurch* v. *Bevis*, 2 Bro. C. C.; 1 Ves. 221; Code of 1851, sections 2412, 2413.

*Baker & Bailey*, for the appellee.

I. Sections 2409 and 2410 of the Code of 1851, are applicable as well to auction sales, as private sales. *Wertheimer* v. *Peacock*, 2 Iowa 528; *Hinde* v. *Whitehouse*, 7 East. R. 558; *Kenworthy* v. *Schofield*, 2 Barn. & Cres. 945; 1

Bos. & Pul. 306; 2 Taunt. 38; 4 Ib. 209; 1 Esp. 102; *Mc-Comb* v. *Wright.* 4 John. Ch. R. 659; 16 Wend. 28; 10 Page Ch. R. 526.

II. The memorandum should show, without any extraneous proof, that something has been bought and sold, for a certain price, and between certain parties. 13 John. R. 297, 508; 16 Wend. 28; 7 East. 558; 12 Ves. 466.

WOODWARD, J.—The plaintiff introduced in evidence, an advertisement of a sale, on a certain day, of forty acres of timber land (the description being given), to be sold in lots of about five acres each. This was signed by the plaintiff. He also introduced a plat of the land, with the subdivisions or lots designated and numbered, which plat he averred to be present at the sale, and to be exhibited by the auctioneer, and upon which one Graham, the clerk of the sale, entered in pencil, opposite each lot, the name of the purchaser, the surety, the bidder's name, and the price per acre. The notice of sale stated the terms to be, for purchases over five dollars, a credit of twelve months, security being given, at ten per cent interest. The plaintiff further introduced a letter, admitted to be in defendant's hand-writing, and signed by him, in which he says, " I find it would be unwise, and in some respects imprudent for me to have anything to do with that timber." Then, after giving some reasons, such as its distance, the inconvenience, and his want of time to see it, he concludes, " I do hope you will not have any hard feelings in regard to it." The plaintiff then offered to prove by Graham, (the clerk,) that the printed notices were posted up and circulated; that one was conspicuously displayed at the sale; that the plat was there, and was inspected by the bidders; that before the sale the plaintiff and the auctioneer inquired of Randall for whom he bid, and he informed them that it was for the defendant, and that as surety he would give F. H. Benson, of Chicago; that he, as clerk, wrote on the plat at the side of the lots, on the left hand, " Mahony," as the purchaser, and " Benson," as the surety, and the price

per acre in figures, and on the right, "N. P. Randall" as the bidder.

To the introduction of this testimony the defendant objected, under the Statute of Frauds, that the memorandum was not sufficient, and that parol evidence could not be admitted to explain or aid it. This objection was sustained by the court, and the plaintiff excepted.

The defendant answers, first pleading that the alleged promises, if made at all, were made by him with one Benson, under the name and style of J. D. Mahoney & Co.; and secondly, he denies the averments of the petition, in detail. The conclusion to which we arrive, renders it unnecessary to determine whether he should have pleaded the Statute of Frauds. The effect of our statute provisions, in this respect, is the same with those of the English law. Their law is, that no action shall be maintained upon such contract, unless, &c.; and ours is, that no evidence of such contract shall be received, unless in writing, &c. Both result in the application of evidence, to prove the contract. The form of the provision of our law approaches nearer the actual reason of the case, but theirs may lead to a little difference in the pleading. But it is not required that this should be determined. *Wertheimer* v. *Peacock,* 2 Iowa 530.

We think the evidence should have been admitted. The several pieces of evidence introduced and offered, were sufficient. It is not necessary that the whole should be on one paper, nor that all the acts should be contemporaneous; nor need the parts be such, or so entirely complete, when brought together, as to preclude the necessity of parol testimony to explain or correct them. In this case there was the notice of sale, containing the terms or conditions of credit, security &c., and the declaration that the forty acres would be sold in lots; then there was the plat of the land, divided into lots, which were numbered from one to eight, inclusive, with the quantity in each noted on it. On the left hand of the plat of the lots, opposite each, were written the words and figures as follows: "Mahoney and Benson, $78,50 per a." and on

the right hand, "N. P. Randall," and the same names, but with the prices per acre varying, were written, in like manner, opposite seven of the lots, saving that under the name of Randall, the bidder, after the first signature, were the marks standing for the word *ditto*. In connection with this, the testimony of Graham, the clerk, was offered. Finally, there was the letter of the defendant.

It is understood that the plat was admitted, though there is room to doubt, from some circumstances. And the testimony of Graham should have been received. The case does not seem to differ, materially, from several in the books. In many the memorandum is brief, and requires explanation, or else testimony to connect it with something else; and it is not an objection, that one paper, is to be connected with another by extraneous, and even by parol, evidence. The case is very similar to that of *Shippey* v. *Derrison*, 5 Esp. 190; in which the party wrote upon the back of a draft of the lease, his desire to be released from his agreement, and in which the only reference to the subject-matter was in the words, "the premises." That case required testimony to connect the letter with the subject. Perhaps it may be said to be more nearly connected, in that case, than in the present, by the letter being written on the back of a copy of the lease, which was the subject, but it is to be remembered that it does not refer to that lease, nor to those premises, and so far as any specific reference is concerned, may as well have been written on the back of any other paper. It required other evidence to connect them. That letter contained the only signature of the party to be bound. In *Roget* v. *Merriet & Clapp*, 2 Caines 117; the memorandum was more brief than in the case at bar. The papers in evidence, or offered and rejected, and the testimony proposed to be given, were just such as were wanting in *Burke* v. *Haley*, 2 Gil. 617; and it is clearly intimated, that if they had been shown, the cause might have been maintained. The plaintiff's brief refers to many cases and we do not deem it necessary to multiply them.

---

---

The testimony of Graham, which was offered, also goes to the answer of the defendant, that he purchased (if at all) jointly with one Benson.

The judgment of the District Court is reversed, and the cause is remanded.

Reversed.