ROTH SHOE COMPANY, Appellant, v. ZAGER & BLESSING, Appellees.

FRAUDS, STATUTE OF: Uniform Sales Act—Specially Made Goods. The statute of frauds is no defense to one who has ordered and caused to be manufactured goods which are of a particular kind, and which are not suitable for sale to others in the ordinary course of the seller's business.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON, Judge.

MAY 15, 1923.

ACTION to recover price of merchandise sold and delivered. On motion of defendant, verdict was directed, and judgment for costs entered against plaintiff. Plaintiff appeals.—*Reversed and remanded.*

*G. A. Gibson,* for appellant.

*T. E. Diamond,* for appellees.

ARTHUR, J.—The petition alleged that, on March 13, 1920, appellees gave an order for and purchased from appellant a certain line of shoes, to be manufactured and delivered between the 15th day of August and the 1st day of September, 1920, for the agreed price of $828.65, to be paid within 60 days; that the

goods were delivered to defendants, appellees, and they refused to accept the shoes, and refused to pay the account.

Appellees denied that they gave a written order for the purchase of the merchandise, and allege that they never "received or accepted" any of the merchandise, and were not indebted to appellant.

I.   On the issues thus made, the case came on for trial to a jury, and appellant introduced evidence as follows:

Paul Mahler, traveling salesman for appellant, testified, in substance, that, on the 13th day of March, 1920, appellees gave an order to him for the shoes involved in this action, to be manufactured and shipped as alleged in the petition; that he gave Zager & Blessing a carbon copy of the original order; that the shoes purchased by appellees were "not what are called stock shoes, but had to be made up from the descriptions in the order;" that he was at the factory, and saw the shoes being manufactured to fill the order; that the shoes ordered were "different from the ordinary shoes kept in stock" (describing the shoes); that, when he took the order, "it was agreed to and the company did stamp the name of 'Zager & Blessing, Sheldon, Iowa,'" in the shoes; that they were special sizes and widths; that the shoes were not salable to other parties, because the name of Zager.& Blessing was stamped in the shoes, and because of the odd sizes and because they were made for a special trade.

Appellees wrote Mahler, under date of March 25, 1920, concerning a part of the order which was canceled, and is not involved in this case:

"We certainly do not want to stand the difference on the shoes ordered.  Please cancel this number, and oblige."

L. S. Roth, secretary, treasurer, and general manager of the appellant, testified, by deposition, that the order for the merchandise was received from their salesman, Paul Mahler, on March 16, 1920; that they acknowledged to appellees the receipt of the order; that it was necessary to manufacture the shoes to fill the order; that they manufactured the shoes ordered, except a part of the order, two lots, which was canceled; that they delivered four lots of the shoes on July 29, 1920, to the express company, for shipment to appellees, and sent to appellees an inventory of the shipment; that the shoes shipped on

July 29th were the shoes finished up to that time, and that they would have shipped the other two lots before the expiration of the time fixed in the order, if appellees had not refused to accept them; that appellees did not notify them that they were unable to carry out their contract, until they received appellees' letter of August 5, 1920, stating:

"We are returning shoes you shipped us as we have sold out our shoe stock and are unable to use any shoes as we are out of the shoe game. Be sure and cancel all back and credit our account."

Witness testified that his firm answered the letter of appellees of August 5th, and also another letter of August 24th. On August 13th, appellants wrote to appellees that they had written them on August 9th, explaining that they could not accept cancellation of an order that was made up, and asking what disposition should be made of the shoes that they had returned, and stated also, that "two lots that have not been shipped are entirely complete now, and we are holding them for your instructions."

Archie Anton, delivery man for the express company, testified that he delivered to appellees in August, 1920, boxes of shoes with the name of the shipper thereon as "Roth," and that Blessing paid the express thereon, and gave him a receipt for the goods. Appellant offered evidence to show that the goods were shipped back to them by appellees, by the introduction of a receipt from the express agent at Sheldon, showing shipment of the shoes by appellant from Cincinnati, Ohio; and also introduced evidence to show that a "tracer" showed the delivery of the goods at Cincinnati, Ohio, as being shipped back by Zager & Blessing.

It seems that, in February, 1921, counsel for appellees approached counsel for appellant, and requested a stipulation as to certain facts to be used in evidence; and the stipulation was offered in evidence as a part of the cross-examination of Roth. In the stipulation it was agreed that the order taken by the salesman for the merchandise was not signed by appellees; "that the goods in question, or any part thereof, were never at any time received or accepted by the defendants or by any of them, but

that the said goods were shipped to and arrived at and in Sheldon, Iowa.''

II.   At the close of the evidence of appellant, appellees moved for a directed verdict, which was sustained, the motion being, in substance, ''that the testimony failed to show that the merchandise in controversy was received and accepted by defendants, and especially is this true under the stipulation;'' that the action was for recovery of the purchase price of personal property which the evidence without dispute showed to be in the possession of appellant, and that appellant could not recover such purchase price,—full purchase price,—without returning or tendering into court the property; that the evidence showed that the goods were then in the possession of appellant.

III.   Appellant assigns error in directing the verdict, claiming that the evidence was sufficient to take the case to the jury on the question of whether delivery of the goods was made by appellant to appellees; that the evidence showed that, under the order, the shoes were to be shipped to appellees at Sheldon, Iowa, and that they were so shipped, and arrived within the time specified; and that this constituted a delivery.

For some reason, counsel for appellees has not aided us by presenting a brief and argument.   We infer from the record that counsel for appellees relies upon the stipulation made by him with counsel for appellant, to show that his clients did not sign the order taken by the salesman, and that the goods were not ''received or accepted'' by appellees, as being a complete defense to the action; admitting, however, that the ''goods were shipped to and arrived at and in Sheldon, Iowa.''   It is true that appellees did not sign the order taken by the salesman.   The salesman gave them a carbon copy of the order.   The letters of appellees recognized and acknowledged the giving of the order. The letter of March 25th, written shortly after the order was taken, in which they then canceled a part of the order, is an acknowledgment of the giving of the order.   Their letters of August 5th and August 24th admitted giving the order, and requested cancellation of the order because they ''are unable to use any shoes, as we are out of the shoe game.''   In the letter of August 5th, appellees not only recognize giving the order, but

in terms acknowledge delivery of the shipment of shoes to them. The letter reads:

"We are returning shoes you shipped us as we have sold out our shoe stock and are unable to use any shoes as we are out of the shoe game. Be sure and cancel all back and credit our account."

When the stipulation relied upon by appellees was offered in evidence, in connection with the cross-examination of the witness Roth, it was objected to by counsel for appellant, on the ground, as we understand the record, that it had been withdrawn by counsel for appellant, because it had been given upon misapprehension of the facts concerning the delivery of the goods. However that may be, there was sufficient evidence to take the case to the jury on the question of delivery of the goods, to the extent of certain boxes of the goods, of the agreed price of $575. In fact, appellees' letter of August 5th shows conclusively, we think, that they received a part of the goods, and shipped them back to appellant. As to these boxes of shoes, which, we understand from the record, were of the agreed price of $575, appellant was entitled to have the case submitted to the jury. The evidence shows that the shoes were manufactured especially for appellees, which excludes protection under the statute of frauds. The Uniform Sales Act provides:

"But if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply." Chapter 396, Section 4, Paragraph 2, Acts of the Thirty-eighth General Assembly.

Viewing the evidence, as it must be considered, on motion to direct verdict, in its most favorable light for appellant, there was sufficient evidence to take the case to the jury. Appellant introduced evidence tending to prove that the order for the goods was given; that the goods were to be manufactured in certain styles, with the name of appellees stamped thereon; that the goods to the extent of $575 were delivered to the express company at Cincinnati, and were delivered at the store of defendants in Sheldon; that appellees refused to keep them, and returned them to appellant; and that the goods not shipped, be-

cause appellees refused to take them, were manufactured and held ready for delivery to appellees.

For the reasons above pointed out, the case must be, and it is,—*Reversed and remanded.*

PRESTON, C. J., EVANS and FAVILLE, JJ., concur.