Morris Furniture Company, Appellee, v. Max Braverman, Appellant.

No. 39688.

April 14, 1930.

Rehearing Denied September 22, 1930.

*Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*Carl F. Jordan* and *B. D. Silliman,* for appellee.

WAGNER, J.—Arnold Davidson is now the owner of the account on which suit is brought, and has been substituted as plaintiff in lieu of the Morris Furniture Company, the original plaintiff. For convenience, we will in this opinion refer to the Morris Furniture Company as the appellee.

In the "errors relied upon for reversal," the appellant contends that the court was in error in refusing to direct a verdict for the defendant upon the ground that the contract is not enforcible because it is within the provision of the Statute of Frauds, and that there is a failure of evidence to take it without said statute; also that the court erred in one of the instructions given.

Appellee's action is founded upon an account for furniture alleged to have been ordered by the appellant and manufactured by the appellee in accordance with the order. The appellee in its petition alleges, in substance, that, on or about the 17th day of September, 1923, the appellant gave to the appellee a written order for furniture, at the prices therein shown, a copy of which order is therein set out; that appellant was given a copy of said written order; that, on September 25, 1923, the appellant acknowledged said written order by a communication in writing, which is as follows:

> "Cedar Rapids, Iowa.
> "Sept. 25, 1923.

"Morris Furniture Co.,
"Chicago, Ill.
"Gentlemen:

"Will you please hold our order of Sept. 17, until we give further notice?

> "Yours very truly,
> "Max Furniture Store, Max."

It is alleged that the appellee has carried out the terms of the contract, and shipped the goods and merchandise to the

948

appellant at Cedar Rapids, and that the appellant has failed and refused to pay for the same. The appellant, by way of answer, denies the allegations of the petition, and avers that the contract is within the Statute of Frauds.

We will first consider appellant's contention relative to the Statute of Frauds. There is no question about the shipment of the furniture by the appellee to the appellant at Cedar Rapids, and that the appellant has refused to accept the same. Our Statute of Frauds relative to the sale of personal property, to wit, Section 9933 of the Code, 1924, provides:

"A contract to sell or a sale of any goods * * * shall not be enforcible by action unless the buyer shall accept part of the goods * * * so contracted to be sold or sold and actually receive the same or give something in earnest to bind the contract, or in part payment, or *unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf.*" (The italics are ours.)

Said statute further provides:

"The provisions of this section apply to every such contract or sale, notwithstanding that the goods may be intended to be delivered at some future time or may not at the time of such contract or sale be actually made, procured, or provided, or fit or ready for delivery, or some act may be requisite for the making or completing thereof, or rendering the same fit for delivery; *but if the goods are to be manufactured by the seller especially for the buyer and are not suitable for sale to others in the ordinary course of the seller's business, the provisions of this section shall not apply.* (The italics are ours.)

The appellee was not a jobber, but was engaged in the business of manufacturing living-room furniture. It would take orders for suites to be manufactured in accordance with the orders of the purchaser. Its agents made sales by exhibitions of photographs of numerous styles of living-room suites, and by showing to the customer samples of various upholstering, consisting of mohair, tapestry, and numerous kinds of velours. On the order of the customer, it manufactured suites

in any one of 18 different styles, and the upholstering used in the manufacture was of 45 different varieties. The agent of the appellee called upon the appellant on the 17th day of September, 1923, and exhibited the photographs and samples, at which time the appellant gave said agent an order. This order was written by the agent and sent to the appellee, and the agent testifies that he delivered to the appellant a copy of said order. This order consisted of various styles of suites and combinations of upholstering, and designated the prices. On September 25th, the appellant wrote the appellee the letter hereinbefore set out. This letter was not received by the appellee until after the manufacture of the furniture and the loading of the same in a car for shipment and the mailing of the invoice of said shipment to the appellant. Other correspondence between the parties, not necessary to mention, followed. It is shown by the record that Morris Kraus was the sole person interested in the concern doing business under the name of the appellee. Without objection, he testified:

"The furniture that was manufactured for the defendant would not be suitable for sale to our other customers. Every customer likes to select his patterns and coverings according to the class he sells to."

This testimony is uncontradicted. It is to be noted that the order of September 17th is not signed by the appellant, the party to be charged; and, were this all that the record discloses, the appellant's contention that the contract is unenforcible would necessarily have to be upheld. It is the appellee's contention that the aforesaid letter of September 25th, which is signed by the appellant, is sufficient to constitute a "note or memorandum," mentioned in the aforesaid statute. It will be observed that the appellant therein says: *"Will you please hold our order of September 17th until we give further notice?"* The record discloses that there was only one order by the appellant under date of September 17th. The letter signed by the appellant, the party to be charged, could not refer to any other order. From a reading of the statute it is plain that, in order to take the case without the Statute of Frauds, it is not necessary that the contract be signed by the party to be charged, but only that some note or memorandum in writing of the con-

tract be signed by the party to be charged. The note or memorandum is required only as evidence of the contract, and not to constitute it. Neither is it necessary that the note or memorandum should have been signed by the party to be charged with the intent to comply with the statute. See 25 Ruling Case Law 639. In 27·Corpus Juris, beginning on page 259, the author states:

"The note or memorandum required by the statute of frauds need not be contained in a single document, nor, when contained in two or more papers, need each paper be sufficient in contents and signature to satisfy the statute. Two or more writings properly connected may be considered together, matters missing or uncertain in one may be supplied or rendered certain by the other, and their sufficiency will depend upon whether, taken together, they meet the requirements of the statute as to contents and signature. The rule is frequently applied to two or more, or a series of, letters or telegrams, or letters and telegrams sufficiently connected to allow their consideration together. But the rule is not confined in its application to letters and telegrams; any other documents can be read together *when one refers to the other.* [Writer's italics.] The rule has been applied so as to allow the consideration together, when properly connected, of a letter * * * and an order for goods * * *. Matters not contained in one paper, or not stated therein with sufficient definiteness and certainty, * * * are frequently found to be adequately stated in another paper which is sufficiently connected with the former paper to justify their consideration together."

Obviously, there is sufficient to take the contract without the statute of frauds where the memorandum is made up of several papers which together will furnish the essential terms, and where the separate writing bears internal reference one to the other. See 27 Corpus Juris 262; *Manufacturers L. & H. Co. v. Lamp,* 269 Pa. St. 517 (112 Atl. 679); *Mason-Heflin Coal Co. v. Currie,* 270 Pa. St. 221 (113 Atl. 202). There are many authorities which hold that oral testimony may be offered, to identify and show the connection between the two writings. This court so held in an early case, *Lee v. Mahony,* 9 Iowa 344, wherein it is declared:

"In many [cases] the memorandum is brief, and requires explanation, or else testimony to connect it with something else; and it is not an objection that one paper is to be connected with another by extraneous, and even by parol, evidence."

Also, see *Manufacturers L. & H. Co. v. Lamp,* 269 Pa. St. 517 (112 Atl. 679); 27 Corpus Juris 384 and cases therein cited. In the instant case the letter of September 25th in unmistakable language refers to "our order of September 17th." The order of September 17th was in writing, and contained the prices and all the terms relative to the sale. There is in the subsequent letter of September 25th internal reference to the only order given by the appellant on September 17th. Clearly, the letter of September 25th, which is signed by the appellant, the party to be charged, and which unmistakably refers to the order of September 17th, constitutes a memorandum sufficient, within the meaning of the law, to take the contract without the statute of frauds.

Moreover, it is clearly shown by the record that the goods were manufactured by the appellee, the seller, in certain particular styles, especially for the appellant, the buyer; and the  aforesaid uncontradicted evidence of Kraus shows that they are not suitable for sale to others in the ordinary course of the appellee's business; and this is sufficient to take the contract without the statute of frauds. See *Roth Shoe Co. v. Zager & Blessing,* 195 Iowa 1238.

It thus becomes apparent that the court was right in refusing to direct a verdict for the appellant upon the claimed ground that the contract is within the provisions of the statute of frauds.

The court, in the instructions, told the jury that, if they found in favor of the plaintiff, then the amount of their verdict would be a certain specified sum. There is no exception to said instruction. The amount therein stated by the court is the price of the goods, computed from the prices given on the written order upon which suit is brought.

In another instruction, the court told the jury that the only question for their consideration and determination is whether the defendant requested the Morris Furniture Company to ship

to him the goods and merchandise referred to in the order set out in the petition. Of this instruction the appellant complains that it withdrew from the jury the issue of fact as to the prices at which the goods were ordered. There is no error in the instruction, under the record as made. The evidence as to the price of the goods contained in the order upon which suit is brought is uncontradicted. The evidence in behalf of the appellant only tends to establish that the order was for goods of a different kind or quality. It is apparent that, if the jury found that the appellant ordered the goods referred to in the order, then the price of said goods was in no way disputed. There is no error at this point.

We find no error in the record, and the judgment of the trial court is hereby affirmed.—*Affirmed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.